ESTATE OF THOMAS MALL, INC.,
Appellant in No. 90–3691,

v.

TERRITORIAL COURT OF the
VIRGIN ISLANDS, Appellant
in No. 90–3649.

Nos. 90–3649, 90–3691.

United States Court of Appeals,
Third Circuit.

Argued Dec. 5, 1990.
Decided Jan. 11, 1991.

John H. Benham, III (argued), Watts & Streibich, Charlotte Amalie, Saint Thomas, Virgin Islands, for appellant Estate of Thomas Mall, Inc.

Leon A. Kendall (argued), Territorial Court of Virgin Islands, Office of General Counsel, Charlotte Amalie, Saint Thomas, Virgin Islands, for appellant Territorial Court of Virgin Islands.

Before HIGGINBOTHAM, Chief Judge, and GREENBERG and COWEN Circuit Judges.

OPINION OF THE COURT

COWEN, Circuit Judge.

This case arises from a dispute between the Territorial Court of the Virgin Islands (the "Territorial Court") as the tenant under a lease and Estate of Thomas Mall,

Inc., ("Estate Thomas") the landlord. Since November 29, 1982, the Territorial Court has leased commercial space from Estate Thomas and its predecessor in title.[1] The Territorial Court uses the space to house a youth program known as the "Rising Stars Youth Steel Orchestra." The Territorial Court created the youth group in 1980 as part of a School Drop-out and Delinquency Prevention Program in order to stem the tide of high school drop-outs who went on to become criminal defendants before the Territorial Court. The Rising Stars Youth Steel Orchestra is a magnet to attract youths into the court's Delinquency Prevention Program.

The Territorial Court's lease with Estate Thomas contains a provision which reads: "Landlord shall supply water to the bathrooms." Appellant/Cross–Appellee's App. at 139. The bathrooms have showers, sinks, and toilets. From 1982 when the Territorial Court began leasing the premises until 1985 when Estate Thomas purchased the property, Estate Thomas' predecessor in title supplied the premises with potable water. Soon after it purchased the property, Estate Thomas began supplying well water. This arrangement was satisfactory until July, 1989. For reasons not entirely clear from the record, the water Estate Thomas was pumping from the well became contaminated in 1989. After the water became contaminated, it emitted a foul odor and could not be used even to flush toilets, much less for showers.

After testing the water and determining that it was indeed contaminated, the Territorial Court apprised Estate Thomas of the water's condition. Estate Thomas responded in writing that it was unable to correct the problem. In August 1989, the Territorial Court began withholding rent, contending that Estate Thomas was required by the lease to supply useable water.

On January 24, 1990, Estate Thomas filed Civil Action No. 1990–00019 in the District Court seeking collection for back rent and possession of the premises. The Territorial Court filed a Motion to Dismiss on February 13, 1990. That action and the Territorial Court's Motion to Dismiss are currently pending in the District Court.

On June 14, 1990, while the first action was still pending, Estate Thomas filed this case (Civil Action No. 1990–00145) in the District Court. In this action, Estate Thomas seeks possession of the premises under the summary proceedings provided for by the Virgin Islands Forcible Entry and Detainer ("FED") statute, V.I.Code Ann. tit. 28, § 782 (1976).[2] After conducting the summary FED hearing, the District Court entered its Memorandum Opinion and Final Order.

In its Final Order the District Court denied Estate Thomas' application for the FED relief, on the condition that the Territorial Court pay Estate Thomas all rent due through August, 1990. In addition, the District Court ordered Estate Thomas to supply the premises with potable water by September 17, 1990. In the event that the Territorial Court failed to pay rent by September 14, 1990, Estate Thomas had the right to take possession of the premises on October 1, 1990.

The Territorial Court appeals from this order on the grounds that: (1) the District Court lacks subject matter jurisdiction over FED actions because Congress withdrew concurrent jurisdiction from the District

---

1. Originally, the Territorial Court rented the property from Vitraco Park, Inc. In November, 1985, Vitraco Park sold the property to Estate Thomas, who accepted assignment of the lease between Vitraco Park and the Territorial Court.

2. Section 782 reads:
   (a) When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession thereof.

(b) If the unpaid rent or the value of the real property does not exceed $500, exclusive of interest and costs, the Territorial Court shall have exclusive jurisdiction of such action. In all other cases, the Territorial Court and the district court shall have concurrent jurisdiction.
V.I.Code Ann. tit. 28, § 782 (1976), as amended by Act No. 8376, § 5, Sess. L. 197 (1975) (providing that "Territorial Court" should be read wherever the V.I.Code prints "Municipal Court").

Court over local actions; (2) the FED action was barred as a matter of law because the Territorial Court had three years of quiet possession prior to the FED action; (3) the District Court exceeded its authority in awarding Estate Thomas back rent, since (i) that relief was not requested and (ii) such relief is inappropriate in an FED action; and (4) the District Court erred in not dismissing the FED action after it found that Estate Thomas was in breach of the lease agreement.

For its part, Estate Thomas has cross-appealed, contending that: (1) there was insufficient evidence for the District Court to find that Estate Thomas was in breach of the lease by failing to supply the premises with potable water; (2) the District Court erred when it admitted written water test results into evidence; and (3) the District Court erred in failing to award Estate Thomas interest on the rent due.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Although we conclude that Congress did not withdraw subject matter jurisdiction from the District Court to hear FED actions, we nevertheless reverse the District Court because Estate Thomas has failed to state a cause of action that is cognizable in forcible entry and detainer. Our decision is based on the conclusion that the Territorial Court is occupying the premises pursuant to a facially bona fide and good faith claim of right. We will therefore remand this case to the District Court with instructions to dismiss.

I.

In 1984, Congress passed an amendment to the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1541, *et. seq.* (1954). The 1984 amendment, P.L. 98–454, eliminates concurrent jurisdiction in the District Court when jurisdiction is vested in the local courts of the Virgin Islands. The amendment has been codified at 48 U.S.C. § 1612(b) and reads in relevant part:

> In addition to the jurisdiction described in subsection (a) of this section [essentially federal question jurisdiction] the District Court of the Virgin Islands shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands.

48 U.S.C. § 1612(b) (1987). The threshold question on this appeal is the meaning of the language "not then vested by local law in the local courts." The Territorial Court argues that this language means "not *already* vested," while Estate Thomas argues that it means "not *hereafter* vested." We must first resolve this question before we can address the other issues raised by this appeal.

The Territorial Court argues that the language "not then vested by local law in the local courts" eliminates jurisdiction over civil actions where the amount in controversy is between $500 and $200,000. Under this argument, jurisdiction in the District Court would be eliminated because V.I. Code Ann. tit. 4, § 76(a) (Supp.1987) grants the Territorial Court "[o]riginal jurisdiction concurrent with the District Court of all civil actions wherein the matter in controversy exceeds the sum of $500 but does not exceed the sum of $200,000." *Id.* Since 48 U.S.C. § 1612(b) limits the general jurisdiction of the District Court to "all causes ... the jurisdiction over which is not then vested by local law in the local courts," and V.I.Code Ann. tit. 4, § 76(a) vests jurisdiction over civil actions in a local court, the Territorial Court concludes that the District Court lacks jurisdiction over civil actions within the specified range of the amount in controversy.

In addition to eliminating jurisdiction over civil actions where the amount in controversy is between $500 and $200,000, the Territorial Court also asserts that the 1984 amendment to the Revised Organic Act eliminated jurisdiction over FED actions. The argument here is the same as before. The Territorial Court urges that because V.I.Code Ann. tit. 28, § 782 (1976) vests jurisdiction over FED actions in the Territorial Court of the Virgin Islands,[3] jurisdiction over FED actions is vested in a local

---

**3.** *See* footnote 2, *supra* for the text of section 782.

court. Since 48 U.S.C. § 1612(b) limits the general jurisdiction of the District Court to "all causes ... the jurisdiction over which is not then vested by local law in the local courts," and V.I.Code Ann. tit. 28, § 782 vests jurisdiction over FED actions in a local court, the Territorial Court concludes that the District Court lacks jurisdiction over FED actions.

■ Lest we be swayed by the fact that the Virgin Islands statutory provisions purport to grant jurisdiction in the District Court, the Territorial Court points out correctly that the Virgin Islands legislature has no power to do that. Only Congress has the power to determine the jurisdiction of the District Court of the Virgin Islands under Article IV of the United States Constitution. Accordingly, we must look only to the language of the Revised Organic Act to determine the scope of the District Court's jurisdiction.

In support of its argument that 28 U.S.C. § 1612(b) eliminates the District Court's concurrent jurisdiction over civil actions generally and FED actions in particular, the Territorial Court points to the "plain language" of section 1612. Section 1612(b) states that there shall be no jurisdiction over actions "the jurisdiction over which is not then vested by local law in the local courts...." Apparently, the Territorial Court would have us read "not then vested" as "not already vested" because according to the Territorial Court, that is what section 1612(b) plainly says.

To bolster the interpretation of section 1612(b) that "not then vested" means "not already vested," the Territorial Court points to section 1612(b)'s legislative history. In its discussion of P.L. 98–454, the Senate stated:

The purpose of section 22(b) [section 1612(b) as codified] is to eliminate the present situation of both the District Court and the local court having jurisdiction over strictly local causes. *Upon the effective date* the District Court will not [sic] longer have jurisdiction over any cause over which local law has vested jurisdiction in the local courts....

130 Cong.Rec.S. 10527 (August 10, 1984) (emphasis added). The Territorial Court interprets "upon the effective date" to mean "on the effective date *hereof*" and urges that this language supports the conclusion that section 1612(b) meant to say "not already vested" when it actually reads "not then vested." An alternative construction of "upon the effective date" is that it means "upon the effective date of an act by the Virgin Islands legislature divesting the District Court of jurisdiction ...." In other words, this portion of the legislative history could mean what the Territorial Court contends (namely that section 1612(b) immediately divested the District Court of jurisdiction over local matters generally, and over FED actions in particular, because jurisdiction over those actions was already vested in a local court). On the other hand, it could mean the exact opposite (namely that section 1612(b) does not by its own force divest the District Court of jurisdiction, but gives the Virgin Islands legislature the power to do exactly that when the legislature chooses to exercise power by vesting a local court with jurisdiction). Because the significance of this portion of the legislative history is unclear, we cannot rely on it as a basis for resolving the meaning of "not then vested by local law in a local court."

For its part, Estate Thomas contends that § 1612(b) does not eliminate jurisdiction in the District Court over local actions, but gives the Virgin Islands legislature power to vest jurisdiction over local actions exclusively in local courts. In support of this contention, Estate Thomas cites another section of the 1984 amendment to the Revised Organic Act of the Virgin Islands. This section reads in relevant part:

The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and the laws of the United States does not have exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 1612(a) [federal question juris-

diction] and (c) [criminal jurisdiction] of this title.

48 U.S.C. § 1611(b) (1987). According to Estate Thomas, the language of section 1611(b) that the legislature "may vest" in local courts jurisdiction over any action over which the District Court does not have exclusive jurisdiction must be read together with section 1612(b). "May vest" looks to the future and so necessarily contemplates an act of the Virgin Islands legislature in the future. In other words, Estate Thomas argues that the Virgin Islands legislature has the power to vest jurisdiction over local matters in local courts under section 1611(b), but it need not do that. Under the reading urged by Estate Thomas, the legislature can choose instead to continue the current system of concurrent jurisdiction in the District Court and the Territorial Court over most civil actions.

■ We do not agree with Estate Thomas' construction of section 1611(b). We read that section as allowing the Virgin Islands legislature to create territorial jurisdiction for violations of federal law, without divesting the District Court of jurisdiction by operation of section 1612(b). In other words, the Virgin Islands legislature has the power under section 1611(b) to create concurrent federal question jurisdiction in territorial courts. In exercising that power, the legislature will not divest the District Court of jurisdiction under section 1612(b), as it might arguably do if section 1611(b) did not specify that the creation of jurisdiction in local courts over federal questions does not divest the District Court of jurisdiction.

The reason it was necessary to specify that jurisdiction in the District Court would not be destroyed is because section 1612(b) says that the District Court will not have jurisdiction over actions where jurisdiction is vested by local law in local courts. To avoid an argument that sections 1611(b) and 1612(b) when read together constitute a delegation of power by Congress to the Virgin Islands legislature to create exclusive jurisdiction in Virgin Islands courts over questions of federal law, Congress added the last line to section 1611(b) which expressly states the intention of Congress that federal question jurisdiction in local courts, if it exists at all, will be concurrent with federal question jurisdiction in the District Court.

■ It does not follow from the language of section 1611, that the Virgin Islands legislature is somehow empowered to create exclusive jurisdiction in local courts over local actions by force of the application of section 1611(b). Section 1611(b) expressly states that "such jurisdiction [i.e. the concurrent jurisdiction of the District Court and the Territorial Court over federal questions where there is no exclusive federal jurisdiction in the district court] shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 1612(a) [federal question jurisdiction] and (c) [criminal jurisdiction] of this title." We read this last sentence as an acknowledgement that concurrent jurisdiction may exist with respect to federal question jurisdiction and certain criminal actions, but not over local actions which are described in section 1612(b). The omission of section 1612(b) from the cross reference strongly suggests that Congress did not contemplate District Court concurrent jurisdiction over local actions by operation of section 1611(b), although Congress did contemplate that there would be concurrent jurisdiction over federal questions and certain criminal cases. The question remains whether section 1612(b) divests the District Court of jurisdiction over local actions *ex proprio vigore*, or whether section 1612(b) contemplates divestiture only when the Virgin Islands legislature, after the date of the amendment to the Revised Organic Act, passes a law which vests jurisdiction over local actions in local courts.[4]

---

4. *"Ex proprio vigore"* means "by its own force." Black's Law Dictionary 522 (5th ed. 1979). It refers to the general principle that some constitutional principles are self-executing. Provisions that are not self-executing require legislation to effectuate their purposes. *See generally*

*Groves v. Slaughter*, 40 U.S. (15 Pet. 449, 10 L.Ed. 800 (1841). It is not disputed in this case that the Revised Organic Act of the Virgin Islands, as amended, has the statute of a "Constitution" under Article IV of the United States Constitution. *See* U.S. Const. art. IV, § 3. We

In support of the argument that section 1612(b) does not divest the District Court of jurisdiction *ex proprio vigore,* in other words, without the Virgin Islands legislature acting sometime after the effective date of section 1612(b), Estate Thomas points to a different section of the legislative history of P.L. 98–454. In referring to section 22(b) [section 1612(b)], the Senate stated:

> The decision as to whether jurisdiction over strictly local causes should be vested in the district court or the local courts will be made by local law.

130 Cong.Rec.S. 10527 (August 10, 1984). This portion of the legislative history contemplates that the Virgin Islands legislature will have to take some action in the future which divests the District Court of jurisdiction over local matters. As such, it provides strong support for Estate Thomas' contention that the language of section 1612(b) means "vested in local courts after the date of the amendment to the Revised Organic Act." "Not then vested" would mean "not hereafter vested" and so section 1612(b) would not *ex proprio vigore* divest the District Court of jurisdiction over local actions.

We are persuaded that this latter argument of Estate Thomas is correct. There is nothing in the language of section 1612(b) that suggests that Congress intended to divest the District Court of jurisdiction over local actions immediately. Surely Congress would have specified that the divestiture of jurisdiction was to be immediate if that is what it intended.

Our construction of section 1612(b) is consistent with the view that the Court of Appeals for the Ninth Circuit took when it decided *Agana Bay Develop Co. (Hong Kong) Ltd. v. Supreme Court of Guam,* 529 F.2d 952 (9th Cir.1976). With respect to the Organic Act of Guam, § 22 in former 48 U.S.C.A. § 1424, Congress made a similar provision for divestiture of the District Court of Guam where the local legislature vested jurisdiction in a local court.[5] Former section 22 read in relevant part:

> The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy, shall have original jurisdiction in all other causes in Guam, *jurisdiction over which has not been transferred by the legislature to other court or courts established by it....*

Organic Act of Guam, § 22, 48 U.S.C.A. § 1424 (1976) (emphasis added). As in section 1612(b), Congress drafted the divestiture provision in a way that could suggest that the divestiture was immediate. Both the former section 22 of the Organic Act of Guam and section 1612(b) contain grammatical inferences which could be construed to mean that divestiture was complete upon the enactment of the statute by Congress. Former section 22 of the Organic Act of Guam used the past perfect "has not been transferred" in a way that could suggest "has not already been transferred" just as section 1612(b) inserts the adverb "then" in the phrase "not then vested by local law in local courts" in a way that could be read "not already vested ... in local courts."

Notwithstanding the fact that former section 22 of the Organic Act of Guam could have been read as having immediately divested the District Court of Guam of jurisdiction over local actions, the Court of Appeals for the Ninth Circuit assumed in *Agana Bay* that the Organic Act did not *ex proprio vigore* divest the District Court of jurisdiction over local matters. Rather, that court assumed that an act of the Guam legislature would be required to divest the District Court of Guam of jurisdiction over local actions. The *Agana Bay* court wrote:

---

therefore must confront the question whether section 1612(b) is self-executing or requires legislation to enact its purposes.

**5.** Former 48 U.S.C. § 1424 (quoted above) was amended in 1978 and again in 1984. The cur-

rent version of 48 U.S.C. § 1424 (1987) mirrors the language of 48 U.S.C. § 1612. No cases have been decided which construe section 1424, as amended.

[A]s to local, non-federal cases, [section 22 of the Organic Act of Guam, 48 U.S.C.A. § 1424] gave the district court original jurisdiction in all 'other causes' *until* the Guam Legislature provides otherwise under the power created in the first sentence [of section 22].

*Agana Bay,* 529 F.2d at 955–56 (emphasis added). We are convinced that we should read section 1612(b) in the same way. Accordingly, we now hold that section 1612(b) does not *ex proprio vigore* divest the District Court of jurisdiction over local matters. Such divestment will not occur until the Virgin Islands legislature enacts a law which effects the power created by the 1984 amendments.[6]

We are not alone in reading section 1612(b) as requiring an act of the Virgin Islands legislature to complete the divestiture of jurisdiction in the District Court over local actions. Counsel for both the Territorial Court and Estate Thomas indicated at oral argument that no one in the Virgin Islands has read the 1984 amendment to the Revised Organic Act as immediately divesting the District Court of jurisdiction over local actions before now. Indeed, the District Court has been exercising jurisdiction over civil actions where concurrent jurisdiction is vested by Virgin Islands law in the Territorial Court for the last six years. If we were to accept the Territorial Court's construction of section 1612(b) at this late date, we would throw into confusion hundreds or even thousands of civil actions that the District Court has processed over the last six years. Having resolved the vexatious question of the District Court's jurisdiction, we proceed to the merits.

## II.

■ FED complaints are summary actions to determine rights of peaceable possession of real property. They are a peaceful alternative to the often violent exercise of a property owner's right of self-help.

*See C.M.L., Inc. v. Dunagan,* 904 F.2d 189, 190 (3d Cir.1990). In *Dunagan,* we explained that:

> In exchange for revoking their right to repossession by force, the statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted.

*Id.* But speedy adjudication of the issue of peaceable possession comes at a price. The price is that the scope of an FED proceeding is very limited.

> Unless the statute is to the contrary, the jurisdiction of the Court in FED cases is confined to determining the issue of peaceable possession and does not extend to (a) an adjudication of title or (b) the right to possession; nor can the justice adjudicate a right of possession that depends on an equitable interest in the premises [ ] or inquire into equitable rights and give relief to which the party might be entitled in equity.

*Inter Car Corp. v. Discount Car Rental,* 21 V.I. 157, 159 (Terr.Ct.1984). As soon as a defendant in possession in an FED action raises a colorable defense requiring construction of an agreement between the property owner and the party in possession, an FED action will not lie. *See, e.g., Iron Mountain & H.R. Co. v. Johnson,* 119 U.S. 608, 612, 7 S.Ct. 339, 340–41, 30 L.Ed. 504 (1887).

■ In particular, we have held that an FED action is unavailable where the defendant in possession occupies the property under claim of right. *Dunagan,* 904 F.2d at 191 (quoting *Inter Car,* 21 V.I. at 159) ("Where a tenant is retaining possession by force, relief is available in a summary FED proceeding only if there 'is an *undisputed* oral or written lease agreement, and rent is due and owing thereon; or [t]here is an *undisputed* oral or written lease which has expired.' ") (emphasis added). In this case,

---

**6.** On August 29, 1990, the Virgin Islands legislature took this action. Local Law No. 5594 amended V.I.Code Ann. tit. 4, § 76 (Supp.1987) to vest in the Territorial Court jurisdiction over all civil actions regardless of the amount in controversy, effective October 1, 1991. In accordance with our ruling today, this act will divest the District Court of jurisdiction over such actions as of October 1, 1991.

there is a lease between the parties, the meaning of which is in dispute. In short, the Territorial Court occupies the premises under a claim of right.

While we express no opinion as to the merits of the underlying dispute, it should have been apparent to the District Court that resolution of Estate Thomas' action requires construction of the parties' lease agreement. For instance, the Court would need to construe the lease provision where Estate Thomas agrees to provide water to the bathrooms, determine whether the Territorial Court exceeded its remedies under the lease by withholding rent until Estate Thomas provides useable water, and decide whether the parties have a valid lease at all. While these may not be the precise issues that will be litigated in an action for rent and ejectment, they are the kind of issues that are appropriately resolved in an ordinary civil action, not the summary FED proceeding.

### III.

In conclusion, the 1984 amendments to the Revised Organic Statute did not *ex proprio vigore* divest the District Court of subject matter jurisdiction over local actions generally and FED actions in particular. The District Court had jurisdiction to hear this FED case. The dispute in this case concerns the rights and remedies of the Territorial Court and Estate Thomas under their lease. The Territorial Court has come forward with facially good faith and bona fide rights under a lease which, upon trial with plenary review, may defeat the claim of Estate Thomas. As such this controversy is not an appropriate subject for an FED action.

The judgment of the District Court will be reversed and the case is remanded to the District Court with instructions to dismiss the complaint and return all checks or monies held in escrow.[7]

**7.** By reason of our determination that, although the District Court had jurisdiction, Estate Thomas was nevertheless not entitled to relief in

Costs taxed against Estate Thomas Mall in both appeals.

forcible entry and detainer, we need not resolve the other issues raised on this appeal and cross-appeal.