In the Matter of the: Administration of the ESTATE of James George SEWER, et al.

Petition for Successor Administrator

Sewer, Eric Antonio Smalls Plaintiff

v.

Sewer, James Estate (AKA George), et al. Defendants

Nos. CIV.2002–40, CIV.2002–27.

District Court, Virgin Islands, D. St. Thomas.

June 28, 2002.

Eric A. Smalls, Hatillo, PR, Pro Se Plaintiff.

Karl R. Percell, Law Offices of Percell & Hermon–Percell, P.C., St. Thomas, VI, for the Estate of James George Sewer.

## OPINION REGARDING PETITION FOR SUCCESSOR ADMINISTRATOR

BROTMAN, District Judge.

### I. *INTRODUCTION*

Presently before the Court in these consolidated cases are two separate motions filed by Eric A. Smalls, Pro Se, ("Smalls") and Karl R. Percell, Esquire ("Percell"), Counsel and Temporary Special Administrator for the Estate of James George Sewer ("Estate"). Smalls claims status as an heir-at-law and next-of-kin to James George Sewer and moves the Court to appoint him as Administrator De Bonis Non, or "Successor Administrator" for the Estate, whereas Percell's Motion seeks to appoint Alvis Christian, an heir-at law and

son of the late Eric Christian, Sr., formerly the duly-appointed Administrator for the Estate. For the reasons stated herein, the Court denies Small's Motion for Appointment for lack of standing and grants Percell's Motion appointing Alvis Christian as Successor Administrator.

### II. *FACTUAL AND PROCEDURAL BACKGROUND*

This case involves the probate of the Estate of James George Sewer, comprised of approximately 35 total acres located in Newfound Bay, St. John, United States Virgin Islands, which is worth approximately five million dollars. On October 7, 1981, Eric Christian, Sr. was duly appointed by the District Court as Administrator of the Estate, and served in that capacity until his death on September 25, 2001. On October 25, 2001, Percell filed a motion requesting that Eric Christian's son, Alvis Christian, be appointed as Successor Administrator. The appointment was necessary to allow for a smooth transition of administrators in the probate proceeding, to permit the sale of certain real property to pay expenses and costs of administration, and, ultimately, to finalize the business of the estate. (*See* Probate Case No. 398–1980 Docket Entry at Line 349 (the "Probate Matter"); Civ. No 2002–40 Docket Entry at Line 4). On November 6, 2001, the Court held a hearing wherein it directed Percell to obtain waivers and consents from all known heirs of James George Sewer regarding Alvis Christian's appointment.

On February 11, 2002, Eric A. Smalls filed suit claiming heir-at-law and next-of-kin status through the lineage of James Whitehouse Sewer, son of James George Sewer, and contended that he had priority for appointment as Successor Administrator. (*See* Civil Action No.2002–27) (The "Eric Smalls Litigation"). Smalls had also

filed a Motion for Default Judgment in the Probate Matter requesting the Court to sign a "letter of administratorship", which he submitted to the Court, to appoint him as Administrator. (*See* Probate Case No. 398–1980 Docket Entry at Line 354; Civ. No 2002–40 Docket Entry at Line 7).

On February 21, 2002, the Court held a hearing regarding the parties' competing claims for appointment. Percell tendered to the Court the waivers and consents from all known heirs-at-law of the James George Sewer Estate, as previously directed.[1] The Court also directed Smalls to furnish documents necessary to support his claim of heir-at-law and next-of-kin status under 15 V.I.C. § 84(13).[2] (February 21, 2002 H'rg Tr. at 23) ("Hr'g Tr."). The Court required either: (1) a birth certificate of James Whitehouse Sewer's illegitimate child, Alphonse (Sonny) Sewer ("Alphonse Sewer"), through which Smalls claims next-of-kin status; (2) a judgment of a court of competent jurisdiction adjudging James Whitehouse Sewer as Alphonse Sewer's father; or, (3) written acknowledgment by James Whitehouse Sewer recognizing Alphonse Sewer as his son. (H'rg Tr. at 14–15). This proof is required pursuant to 15 V.I.C. § 84(13) to establish that Smalls, as an illegitimate heir-at law, is next in line to be Administrator of the Estate. *See* 15 V.I.C. § 236.[3]

By Order dated February 22, 2002, the Court extracted from Probate Case No. 398–1980 all documents relevant to the matter concerning the appointment of a Successor Administrator, and created a new civil action file, Civ. No.2002–40. The Court also stayed the Eric Smalls Litigation until the Court later consolidated it

1. The Court received from Percell waivers and consents concerning the appointment of Alvis Christian from the following heirs-at-law and next-of-kin of James George Sewer: Egbert Hendricks, Charlotte Harley, Delphine Boynes, Ina Christian, Lambert Christian, Randolph Christian, Henry Ashtian, Roosevelt Sewer, and Gloria Semper. Percell advised the Court that because there were over two hundred known heirs of the James George Sewer Estate, Eric Christian, Sr. previously consolidated the heirs into groups of families, and each family appointed an individual to represent their collective interests. This was done to facilitate administration of prior litigation and the current probate proceedings. According to Percell, these individuals represent all known heirs-at-law of the James George Sewer Estate. The Court therefore construes the waivers and consents from the respective heir-at-law representatives as waivers and consents of the respective family members. . (*See* Hearing Tr. at 6–7).

2. 15 V.I.C. § 84(13) states in pertinent part:
   The real property of a deceased person, male or female, not devised, shall descend, and the surplus of his or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouses, children, or next of kin or other persons, in manner following:
   (13) An illegitimate child shall be considered to have the same status, for the purpose of the descent and distribution of the property of his or her ancestors, as if he or she were born in lawful wedlock provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was adjudged the father of such child by a court of competent jurisdiction; or by written acknowledgment he recognized such child as his.

3. 15 V.I.C. § 236(a),(b) state:
   (a) Administration of the estate of an intestate shall be granted and letters thereof issued, to
   (1) the widow or next of kin, or both, in the discretion of the court;
   (2) one or more of the principal creditors; or
   (3) any other person competent and qualified whom the court may select.
   (b) The persons named in the clauses of subsection (a) of this section, if qualified and competent for the trust, shall be entitled to the administration in the order therein named.

with Civ. No.2002–40 and then lifted the stay. (*See* Order dated June 14, 2002). On June 20, 2002, the Court formalized the oral order entered on February 21, 2002, thereby appointing Percell as Temporary Special Administrator pending the Court's determination of the current matter. (*See* Order dated June 20, 2002).

In contending that he is an heir-at-law of the Estate of James Whitehouse Sewer, son of James George Sewer, Eric A. Smalls argues that the following two lineages of James George Sewer exist: (1) the lineage of James Michael Sewer, which includes Richard Daniel Sewer, Rosita Sewer, Clarita Christian, Sophia Sewer, Eric Christian Sr., and Alvis Christian; and, (2) the lineage of James Whitehouse Sewer, which includes James Dixon Sewer, James Albert Sewer, Hans Alfred Sewer, Francis Emil Sewer, and Alphonse Sewer. Smalls claims lineage and priority for appointment through Alphonse Sewer, James Whitehouse Sewer's illegitimate son.

The Estate responds that Smalls is an illegitimate heir-at-law of the Estate of James Whitehouse Sewer and, that being the case, the Court must deny his request for appointment. To make this determination, however, a brief historical background of the James George Sewer lineage is required.

### III. *HISTORICAL BACKGROUND*

James Sewer, a/k/a James George Sewer was the record owner of Newfound Bay No. 9, East End St. John, U.S. Virgin Islands. (*See* Estate of James George Sewer's Resp. in Opp'n to Eric A. Small's Appointment as Substitute Estate Administrator ("Estate Resp."), Ex. 2 (Danish Land List of 1843)). He married Helene Sewer, who predeceased him, but who also gave birth to a son, James Dixon Sewer. (Estate Resp., Ex. 3) (Letter of Gift dated August 21, 1862 from James Dixon Sewer deeding his entire interest in Newfound

Bay No. 2 to James Whitehouse Sewer, his half-brother).

After Helene Sewer's death, James George Sewer married Rebecca Sewer, and had three children: James Whitehouse Sewer, Michael Sewer a/k/a James Michael Sewer, and Charles Martin Sewer. (Estate Resp., Ex. 1) (Diagram of Legitimate Descendants of James George Sewer). Upon James George Sewer's death, he left his wife Rebecca Sewer and four legitimate children: James Dixon Sewer, James Whitehouse Sewer, Michael Sewer a/k/a James Michael Sewer, and Charles Martin Sewer.

James Whitehouse Sewer married Johannah Francisca Sewer, who predeceased him, but gave birth to two children, James Albert Sewer and Hans Alfred Sewer. (*See* Estate Resp., Ex. 5) (Excerpt of Session and Will Protocol for St. John Jurisdiction Dealings Court). James Whitehouse Sewer did not remarry following Johannah's death. On January 9, 1885, he died intestate in St. John, Danish West Indies, leaving James Albert Sewer and Hans Alfred Sewer as his two legitimate children and heirs-at-law. (*Id.*).

### IV. *DISCUSSION*

■ At the outset, the Court first addresses Eric A. Smalls' challenge to the probate at issue. He claims, *inter alia*, that James Sewer, not James George Sewer was the owner of the Estate at issue, that the two individuals are not the same person, and that a mix up of name lineages and estates occurred. (*See* Resp. of Eric A. Smalls Sewer in Opp'n of the Estate of James George Sewer et al. to Request for Appt as Substitute Estate Administrator at 3–5) ("Smalls Resp."). He asks the Court to examine evidence regarding his allegations of lineage and render findings of fact and conclusions of law regarding the probates of prior ancestors. This is

not the matter that is before the Court, and, in any event, these prior judicial determinations are res judicata as to Small's current claims. *See, e.g., Hodge v. Hodge,* 621 F.2d 590 (3d Cir.1980) (holding that appellant, who had failed to comply with the terms of a property settlement agreement, was precluded by res judicata from raising the issue of a divorce court's subject matter jurisdiction several years after the court's entry of judgment).

■ Smalls also asserts that the Court lacks jurisdiction. (Smalls Resp. at 1). This is incorrect because pursuant to 15 V.I.C. § 161, "... the district court has jurisdiction and the power to administer justice in all matters relating to the affairs of decedents ...." Moreover, the issue of a successor administrator in this case arises out of Probate Case No. 398–1980, which was directly under the jurisdiction of the District Court, and, which still continues to this day. *See Estate of Thomas Mall, Inc. v. Territorial Court of Virgin Islands,* 923 F.2d 258, 263 (3d Cir.1991) (finding that Section 22(b) of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1612(b), which sets forth the jurisdiction of the District Court of Virgin Islands, did not, "by its own force, immediately divest the District Court of jurisdiction over local actions, and further noting that divesting District Court of such jurisdiction would throw into confusion hundreds or even thousands of civil actions that the District Court has processed...."). The Court therefore has the power and discretion to choose a Successor Administrator. Regarding Smalls' allegation that an Administrator lacks the power to appoint an attorney for the Estate, (Smalls Resp. at 10–11), Smalls is mistaken because a general administrator has broad powers in the administration of an estate and may hire attorneys to assist him. ·

Having responded to these issues, the Court's determination of a Successor Administrator for the Estate of James George Sewer, and whether Smalls has any priority, is properly before it. Because Smalls claims lineage by virtue of an illegitimate ancestor, Alphonse Sewer, this requires that the Court review Danish law in force prior to Denmark's transfer of the Virgin Islands to the United States in 1917.

## A. The Danish Law Governing Inheritance Rights of Illegitimate Children

Virgin Islands law originates with the laws of Denmark, in force at the time of the Treaty of Cession in 1917. *In Re Wrights Estate,* 4 V.I. 327, 336–37, 207 F.Supp. 912 (D.V.I 1962). Because James Whitehouse Sewer died on January 9, 1885, it is the law in effect in 1885 that controls, and the rights, if any, of Eric A. Smalls accrued at that time.[4] *Id.* at 332, 207 F.Supp. 912. ("It follows that an estate must be distributed among heirs and distributees according to the law as it exists at the time of the death of the ancestor."). The Danish Law of May 21, 1845, in effect in the Danish West Indies, provided in relevant part:

It shall be resolved by the King that a child born out of wedlock shall be entitled to inherit from his father and his

---

4. Smalls states in his opposition papers: "The Danish law is a foreign power law, past and present and it has no precedence over the American–British jurisprudence being presently address" and "Danish law not now enforce in the V.I. (2002) does not govern." (Smalls Resp. at 9). This statement is clearly incorrect. Because James Whitehouse Sewer died intestate, Danish law in effect in the islands at the time of his death governs Eric A. Smalls' rights, and Smalls must produce specific evidence to overcome the prohibition that Danish law placed on the right of illegitimate children to inherit from a putative father's estate.

father's relatives if the parents, before the child's birth, legally declared their intention of entering into marriage by asking that banns be posted...., but the marriage was prevented by the death of the father or by some other obstacle such as illness or captivity.

*In Re Wrights Estate*, 4 V.I. at 334, 207 F.Supp. 912.

Thus, the parents must have announced their intention by taking out a marriage license or comparable act. *Id.* Other relevant provisions of the general Danish law were those found in Sections 32 and 70 of the Code of Christian V, also applicable to the West Indies, which provided the following regarding the inheritance rights of illegitimate children:

> Section 32. (5–2–32) Legitimate children are those who were born of parents who were married to each other, even if the parents were married after the birth of the child.
>
> Section 70. (5–2–70) A bastard (slegfredbarn) shall not inherit from its father. But if the father takes the child before a court and solemnly declares that it is his child, and makes a deed regarding what it shall inherit from him, the child shall keep this portion of the estate provided the portion does not exceed one half the share of a legitimate child.

*Id.* at 334–35, 207 F.Supp. 912 (citation omitted).

In the case of *Wright's Estate, supra,* the court faced the issue of whether an illegitimate child could inherit from his father and under what conditions. The reputed father died intestate in 1910 leaving real estate in the Virgin Islands. *Id.* at 328, 207 F.Supp. 912. The Court held that Danish law in force in the islands in 1910 governed the distribution of his estate, and that because the illegitimate petitioner son could not produce the evidence specified by the applicable Danish law, he could not be considered a legitimate heir-at-law to his putative father's estate. *Id.* at 332, 207 F.Supp. 912.

### B. *Analysis of Eric A. Smalls' Claim*

The Court directed Smalls to submit the following proof of heir-at-law and next-of-kin status, as required by 15 V.I.C. § 84(13). Smalls must provide either: (1) a birth certificate of Alphonse Sewer; (2) a judgment of a court of competent jurisdiction adjudging James Whitehouse Sewer as Alphonse Sewer's father; or, (3) written acknowledgment by James Whitehouse Sewer recognizing Alphonse Sewer as his son.

■ Smalls has not provided any evidence required by applicable Danish law, or even under current Virgin Islands law, to prove the legitimization of Alphonse Sewer as James Whitehouse Sewer's son. First, Smalls has not provided a birth certificate of Alphonse Sewer. Smalls states in his opposition that James Whitehouse Sewer signed the birth certificate of Alphonse Sewer, thereby legitimizing him as his son, but contends that because of "natural disasters (hurricane, file aging, fire and possible record tampering through the ages), the records were destroyed and are missing at no fault of Alphonse Sewer." (Smalls Resp. at 6). He claims to have submitted affidavits as to "Alphonse lineage, which is acceptable by law for consideration as legal method to prove family blood/lineage relation." (*Id.*). On this basis, the Court cannot accept Smalls' proffered evidence or explanations as a basis to make a determination in his favor.

Smalls has not provided a judgment of a court adjudging James Whitehouse Sewer Alphonse Sewer's father. There is nothing to prove that James Whitehouse Sewer and Anna Bird Nissen, Alphonse's mother, "legally declared their intention of entering into marriage by asking that banns be

posted, or that the marriage was prevented by the death of James Whitehouse Sewer or some other obstacle such as captivity." *See In re Wrights Estate,* 4 V.I. at 334, 207 F.Supp. 912. Smalls claims that the banns to be posted or prevention of marriage by the death of James Whitehouse Sewer *"may* have been in process due to their intent relation which produced a child, but due to his death this may have been cancelled. The child carried James Whitehouse Sewer name, there were no reason to take this matter before any court of law to declare." (Smalls Resp. at 6) (emphasis added). This is insufficient, and the Court cannot rest its determination on Small's argument concerning the mere " possibility" of these events having occurred.

Lastly, Smalls has not provided written acknowledgment by James Whitehouse Sewer ligitimizing Alphonse Sewer. There is no evidence before the Court showing that James Whitehouse Sewer took Alphonse before a court of competent jurisdiction to declare him his child, nor did he make a deed regarding any inheritance that he should receive. As a result, this last evidentiary requirement has not been met.

Because Smalls does not present any competent evidence required by the Court, Alphonse Sewer cannot be recognized as an heir-at-law of the estate of James Whitehouse Sewer. It follows that because Alphonse Sewer was not next-of-kin or an heir-at-law of James Whitehouse Sewer for purposes of intestate succession, Alphonse Sewer's descendants, including Eric A. Smalls, cannot be considered heirs-at-law or next-of-kin of James Whitehouse Sewer. Accordingly, Smalls has no priority in the appointment as Successer Administrator to the James George Sewer Estate and lacks standing to assert such a claim. *See Newfound Management Corp., General Partnership of Newfound Ltd. Partner-*

*ship v. Sewer,* 885 F.Supp. 727, 766 (D.Vi. 1995). His motion for appointment as Successor Administrator must therefore be denied.

## C. *Alvis Christian's Application for Appointment as Successor Administrator·*

Having established that Eric A. Smalls is not entitled to be considered by the Court for appointment as Successor Administrator, the Court now turns to the application of Alvis Christian.

15 V.I.C. § 236 sets forth the priority for the appointment of an administrator. It states:

(a) Administration of the estate of an intestate shall be granted and letters thereof issued, to

(1) the widow or next of kin, or both, in the discretion of the court;

(2) one or more of the principal creditors; or

(3) any other person competent and qualified whom the court may select.

At the February 21, 2002, Alvis Christian stated to the Court:

I've worked with my father in terms of getting what ever research, whatever documentation was needed to get this far. And as Attorney Percell pointed out we have several fees that we need to deal with and so, therefore, I'm offering- I'm not new to this case. You know I've been with it for sometime now, so I've gone to all pains to meet with the family and we have met and this is why I feel confident that I can do what is required of me by the Court if I'm appointed.

(*See* Hr'g Tr. at 26).

■ Alvis Christian is a resident of the Virgin Islands and heir-at-law of James George Sewer. He has filed an Oath of Administrator D.B.N. accepting his nomination as Successor Administrator, recog-

nizes his fiduciary duties, and he possesses experience with the Estate, having worked with his father, Eric Christian, Sr.. Furthermore, the heirs of James George Sewer have consented to his appointment. (*See supra* n. 1). The Court therefore deems him qualified pursuant to 15 V.I.C. § 235 and grants his application appointing him Successor Administrator to the Estate of James George Sewer. In accordance with the law set forth in 15 V.I.C. § 239, however, the Court will require that Alvis Christian post a surety bond. However, the Court will hear argument and proposals from the Estate on this matter, specifically addressing proposed bond requirements, including cost and availability. Upon the posting of a surety bond, Karl Percell will be discharged from his duties as Temporary Special Administrator.

## V. *CONCLUSION*

For the reasons stated above, the Court denies Eric A. Smalls Motion for Appointment as Successor Administrator Estate of James George Sewer on grounds that he lacks standing as an heir-at law. The Court further grants Estate's Motion to Appoint Alvis Christian as Successor Administrator for the Estate of James George Sewer. An appropriate Order will be entered.

### ORDER OF DISMISSAL

**THIS MATTER** having come before the Court pursuant to a Motion filed by Eric A. Smalls requesting the Court to appoint him as Administrator De Bonis Non, or "Successor Administrator" for the Estate of James George Sewer Estate ("Estate"); and,

**IT APPEARING** that Eric A. Smalls, as an illegitimate heir-at-law, having failed to furnish proof supporting his claim regarding next-of-kin priority status to be Successor Administrator, in accordance with Danish Law at the time of the death of James Whitehouse Sewer, son of James

George Sewer, and 15 V.I.C. § 84(13); and,

**IT FURTHER APPEARING** that the applicable laws of descent and distribution hold that only legitimate heirs-at-law are entitled to appointment as Administrators to the Estate; and,

**IT FURTHER APPEARING** that all other allegations contained in Eric A. Smalls' complaint, other than his request to be appointed Successor Administrator for the Estate, are res judicata and are otherwise inapplicable to the particular matter before the Court;

IT IS on this 26th day of June, 2002, hereby

**ORDERED** that Eric A. Small's Application for appointment as a Successor Administrator is **DENIED**; and

**IT IS FURTHER ORDERED** that Eric A. Smalls' Complaint filed in Civil Action No.2002–27 is hereby **DISMISSED**; and,

**IT IS FURTHER ORDERED** that Eric A. Smalls' Motion for Default Judgment filed in Civil Action No.2002–40 is hereby **DISMISSED AS MOOT.**

### ORDER APPOINTING SUCCESSOR ADMINISTRATOR

**THIS MATTER** having come before the Court pursuant to a Motion filed by Counsel and Temporary Special Administrator for the Estate of James George Sewer (the "Estate") requesting the Court to appoint Alvis Christian as Administrator De Bonis Non, or "Successor Administrator" for the Estate; and,

**IT FURTHER APPEARING** that Alvis Christian is a resident of the Virgin Islands, heir-at-law and next-of-kin to the Estate, is competent, possesses experience with the Estate and recognizes his fiducia-

ry duties, having worked with his father, Eric Christian, Sr.; and,

**IT FURTHER APPEARING** that pursuant to 15 V.I.C. § 235, he is qualified to be Administrator; and,

**IT FURTHER APPEARING** that designated heirs-at-law and next-of-kin representatives of the heir-at-law and next-of-kin families of James George Sewer have signed waivers and consents authorizing Alvis Christian to be the Successor Administrator to Eric Christian, Sr.;

**IT IS** on this 26th day of June, 2002, hereby

**ORDERED** that Alvis Christian is hereby **DULY APPOINTED** as Successor Administrator for the Estate of James George Sewer; and,

**IT IS FURTHER ORDERED** that in accordance with 15 V.I.C. § 239, Alvis Christian, as Successor Administrator, shall be required to post a surety bond, the amount of which will be determined by the Court following the Estate's submission, by **July 12, 2002,** of proposed bond requirements, cost, and availability; and,

**IT IS FURTHER ORDERED** that upon the posting of a surety bond by Alvis Christian, Karl R. Percell, Esquire will be discharged from his duties as Temporary Special Administrator.