H&O FOOD WAREHOUSE, INC.,
a/k/a H&O Warehouse, Inc.
of St. Croix, Appellant,

v.

VIRGIN ISLANDS PUBLIC FINANCE
AUTHORITY; Charles W. Turnbull,
Governor; Government of the Virgin
Islands.

No. 02–2947.

United States Court of Appeals,
Third Circuit.

Argued May 1, 2003.

Decided June 17, 2003.

Philip D. Parrish, (Argued), Robert C. Maland, Law Offices of Neal R. Lewis, Miami, FL, Jomo Meade, Fredericksted, St. Croix, USVI, for Appellant.

Marie E. Thomas, (Argued), Birch, de Jongh, Hindels & Hall, Poinsettia House of Bluebeard's Castle, Charlotte Amalie, St. Thomas, USVI, for Appellee Virgin Islands Public Finance Authority.

Joel H. Feld, Office of Attorney General of Virgin Islands, Department of Justice, Charlotte Amalie, St. Thomas, USVI, for Appellees Charles Turnbull, Governor and Government of the Virgin Islands.

Before ROTH, McKEE and COWEN, Circuit Judges.

## OPINION

COWEN, Circuit Judge.

H&O Warehouse, Inc. ("H&O") is a Virgin Islands corporation operating a warehouse and distribution business. The Virgin Islands Public Finance Authority (the "PFA") is an instrumentality of the Government of the Virgin Islands (the "Government") created to assist the Government in public projects by securing financing through the issuance of bonds and notes. H&O alleges that the Government contracted for the purchase of food, goods, and wares in the amount of $3,932,706.15 which H&O delivered without payment. The PFA disputes the existence of a contract, and denies that any demand for payment have been made. The merits of these arguments, however, are not raised in this appeal. Instead, this appeal centers on an appropriations bill directing the PFA to pay H&O the alleged outstanding amount.

On January 16, 1998 the Virgin Islands Legislature passed Act No. 6197 authorizing the PFA to borrow funds totaling $106 million for a loan to the Government. On March 18, 1998, the Legislature passed Act No. 6222 which amended Act No. 6197(1)(a) by qualifying the borrowing authorization with a provision that "the sum of $3,932,706.15 shall be paid to H&O Warehouse, Inc. of St. Croix." Supp.App. 1, Ex. B. Both Acts were signed into law by the Governor of the Virgin Islands. The parties do not dispute that the PFA has not paid H & O any of the amount authorized by Acts Nos. 6197 and 6222.

On February 20, 1998 H&O filed a complaint in the Territorial Court against the Government alleging a breach of contract. While the Territorial Court action proceeded, H&O filed a separate complaint in the District Court of the Virgin Islands on October 31, 2001 captioned as an "Original Mandamus Action." App. at 4. An "Amended Complaint for Original Mandamus Action" followed on February 19, 2002. The Amended Complaint cited the passing of Acts Nos. 6197 and 6222 into law, alleged that the PFA and the Government had failed to pay the sum due, and sought a writ of mandamus. The PFA moved to dismiss the mandamus action for lack of subject matter jurisdiction. The District Court granted the motion to dismiss and this appeal followed.

Finally, on August 19, 2002 H&O returned to the Territorial Court and moved for leave to amend its contract action to request mandamus relief. The status of that motion is not indicated in the record.

This court exercises plenary review over the District Court's dismissal of H&O's petition for lack of subject matter jurisdiction, and the District Court's interpretation and application of Virgin Islands law. *Brow v. Farrelly,* 994 F.2d 1027, 1031 (3d Cir.1993); *see also BA Props., Inc. v. Gov't of the United States Virgin Islands,* 299 F.3d 207, 211 (3d Cir.2002).

## II.

### A. The Original Jurisdiction of the District Court

■ This Court has explained the jurisdiction of the District and Territorial Courts on numerous occasions. *See, e.g., Club Comanche, Inc. v. Gov't of the Virgin Islands,* 278 F.3d 250, 255–56 (3d Cir. 2002); *Brow v. Farrelly,* 994 F.2d 1027, 1032–35 (3d Cir.1993); *Estate Thomas Mall, Inc. v. Territorial Court of the Virgin Islands,* 923 F.2d 258 (3d Cir.1991). Congress established the jurisdiction of the District Court of the Virgin Islands in The Revised Organic Act (the "ROA"), 48 U.S.C. §§ 1541–1645. In 1984, Congress amended the ROA to provide the District Court of the Virgin Islands the entire jurisdiction of a District Court of the United States, and general original jurisdiction in all causes in the Virgin Islands not vested by law in the local courts. 48 U.S.C. §§ 1612(a), (b). In 1991, the Virgin Islands Legislature exercised its power to vest local civil actions in the Territorial Courts, 4 V.I.C. § 76(a), and thereby divested the District Court of jurisdiction over all local civil suits. *Brow,* 994 F.2d at 1034; *Estate Thomas,* 923 F.2d at 261. With the enactment of 4 V.I.C. § 76(a), the District Court of the Virgin Islands now has exclusive jurisdiction over all purely federal matters, and concurrent federal question and diversity jurisdiction. Local civil actions, in contrast, are within the exclusive jurisdiction of the Territorial Courts. *Club Comanche,* 278 F.3d at 256.

In the present case, H&O cannot invoke either the District Court's diversity or federal question jurisdiction under 48 U.S.C. § 1612(a). H & O's well-pleaded complaint raises no issues of federal law, and there is no complete diversity as both parties are citizens of the Virgin Islands. As jurisdiction is improper under 48 U.S.C. § 1612(a), H&O's claim must be filed in the Territorial Court pursuant to 48 U.S.C. § 1612(b) and 4 V.I.C. § 76(a).

■ H&O argues that this Court's decision in *Brow* holds that the District Court of the Virgin Islands may exercise jurisdiction over a mandamus action pursuant to 5 V.I.C. § 1361. In *Brow,* the plaintiff obtained a favorable judgment from the Territorial Court in an employment dispute, and sought to enforce the judgment by filing a petition for a writ of mandamus in the District Court. In holding that the District Court lacked subject matter jurisdiction, this Court construed the plaintiff's *pro se* filing as an action to enforce a judgment (albeit in the wrong court), and thus not a petition for mandamus. *Brow,* 994 F.2d at 1036. As part of an extensive explanation of jurisdiction in the Virgin Islands, this Court also noted that had the plaintiff "brought a true mandamus action, the District Court would possess the subject matter jurisdiction to hear the petition." *Id.* at 1036 n. 9.

This statement, however, merely explained that both the District and Territorial Courts "possess the authority to issue mandamus orders **in aid of their jurisdiction.**" *Id.* (emphasis added). The illustrative purpose of this comment is made clear by the Court's discussion of the sources of mandamus power, including 28 U.S.C. § 1651(a), the All Writs Act. It is well-settled that § 1651(a) only conferred authority to issue writs if an independent basis for subject matter jurisdiction exists. *See United States v. Christian,* 660 F.2d

892, 894 (3d Cir.1981) ("The principle [that] the Supreme Court has no original jurisdiction to issue the writ of mandamus has historically applied as well to lower federal courts.... The current authorization for mandamus, embodied in the All Writs Act ... preserves this restraint."). This discussion of the All Writs Act indicates that *Brow* cannot be read to suggest that 5 V.I.C. § 1361(a) deviates from federal law and creates an independent source of subject matter jurisdiction in the District Court of the Virgin Islands.

As both 28 U.S.C. § 1651(a) and 5 V.I.C. § 1361(a) authorize the issuance of a writ of mandamus only in the aid of the District Court's already existing jurisdiction, H&O has not raised a case or controversy within the District Court's statutory grant of subject matter jurisdiction under 48 U.S.C. § 1612(a). Accordingly, the District Court did not err in dismissing H&O's complaint.

### B. The Appellate Jurisdiction of the District Court

■ H&O alternatively argues that the District Court erred in refusing to exercise appellate jurisdiction over its petition. The District Court rejected this argument on procedural grounds, because H&O failed to file its petition with the Clerk of the Appellate Division as required by Virgin Islands Rule of Appellate Procedure 13(a). H&O does not dispute this error, and the District Court's decision can be affirmed on this ground.

■ Alternatively, the District Court's decision may be affirmed because it would have lacked appellate jurisdiction over a properly filed mandamus action. H&O notes that an adverse decision on its pending petition in the Territorial Court can be appealed to Appellate Division of the District Court. H&O thus argues that the Appellate Division has potential appellate jurisdiction to consider its petition, as "that petition—regardless of its outcome—

will ultimately lead the parties back to the District Court...." Blue Br., at 14.

This Court has outlined two jurisdictional requirements for appellate review under 28 U.S.C. § 1651. First, because a writ may issue "in aid of" of an appellate court's jurisdiction, the case must be one that lies within "some present or potential exercise of appellate jurisdiction." *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1422 (3d Cir. 1991); *In re Richards*, 213 F.3d 773, 779 (3d Cir.2000). This rule states that while the act complained of in the mandamus petition need not be itself an appealable order, "the action must nevertheless involve subject matter to which our appellate jurisdiction could in some manner, at some time, attach." *United States v. RMI Co.*, 599 F.2d 1183, 1185–86 (3d Cir.1979).

The second jurisdictional requirement seeks to protect the integrity of the final judgment rule by prohibiting a petition for mandamus as a "mere substitute for appeal." *Westinghouse Elec.*, 951 F.2d at 1422. This prerequisite protects the appellate courts' ability to review lower court decisions "where appeal after a final judgment is an inadequate remedy." *Id.* (recognizing that mandamus may properly be used for immediate appellate review of discovery orders); *United States v. Christian*, 660 F.2d 892, 895 (3d Cir.1981) (noting this Court has resorted to mandamus in matters lacking even a specific case or controversy, where issuance of a writ was necessary to preserve the Court's ability to review the challenged action at all).

In the present case, H&O's invocation of the District Court's appellate authority sought a decision on a matter still pending before the Territorial Court. Although the boundaries of potential appellate jurisdiction are somewhat undefined, the relevant cases all center on appellate review of some action (or failure to act) by a

lower court. *In re Richards,* 213 F.3d at 778 (refusal of Territorial Court to grant Government's motion to dismiss criminal proceeding); *Christian,* 660 F.2d at 892 (refusal of District Court of the Virgin Islands to summon a grand jury to investigate antitrust violations); *RMI Co.,* 599 F.2d at 1185 (refusal of District Court to consider intervenor's motion for a protective order). In the present appeal, in contrast, there is no action by the Territorial Court for the District Court to review, or any allegation that the Territorial Court has failed to perform a required duty.

Moreover, H&O concedes that the pending petition in the Territorial Court will ultimately arrive before the Appellate Division of the District Court. That admission demonstrates that H&O "has an adequate means other than through a writ of mandanus" to seek enforcement of Acts Nos. 6197 and 6222 by properly filing an appeal of an unfavorable decision of the Territorial Court pursuant to 4 V.I.C. § 33. *In re Emerson Radio Corp.,* 52 F.3d 50, 56 (3d Cir.1995) (declining mandamus jurisdiction to review a bankruptcy court order where decision was reviewable by the district court). The District Court did not err in dismissing H&O's petition.

### III.

For the foregoing reasons, the judgment of the District Court entered on June 13, 2002, will be affirmed.