**INTER CAR CORPORATION, Plaintiff**

v.

**DISCOUNT CAR RENTAL, Defendant**

Civil No. 191/1984

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

March 27, 1984

GLENN CURTIS, Manager of Inter Car Corporation, St. Thomas, V.I., *pro se*

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

### I. INTRODUCTION

The plaintiff filed a summary action for recovery of possession of rented premises against the defendant pursuant to Chapter 31, Title 28 of the V.I. Code, claiming it is entitled to possession under the Forcible Entry and Detainer provisions of said Chapter. The defendant countered with an oral motion in Court to the effect that the facts of this case are such that plaintiff is not entitled to obtain relief pursuant to this Chapter, as there is no forcible entry and/or detainer as defined by this purely statutory proceeding, but that this is a case in which plaintiff is required to utilize the procedure prescribed in a regular civil action as prescribed by Chapter 13, Title 28 of the Code.

### DISCUSSION

The action of forcible entry and detainer (hereafter FED) is an action of statutory origin, completely alien to the common law. We must therefore look to our statute law to find it, and if we do find it there, because it is unknown to the common law, we must give the statute a narrow or strict construction. (See 36A CJS Forcible Entry and Detainer Sections 58, 72 (1961). Suarez v. Christian, 18 V.I. 581).

■ Unless the statute is to the contrary, the jurisdiction of the Court in FED cases is confined to determining the issue of peaceable possession and does not extend to (a) an adjudication of title or (b) the right to possession; nor can the justice adjudicate a right of possession that depends on an equitable interest in the premises [as is alleged here] or inquire into equitable rights and give relief to which the party might be entitled in equity. (See 35 AmJur 2d, Section 33, on the subject of jurisdiction in this class of cases).

■ But jurisdiction of a forcible entry and detainer proceeding is not, apart from statute, ousted by a mere averment in a defendant's pleading [statement or argument] of ownership of the land, or that a question of title, legal or equitable, is involved. The Court may proceed until it appears that the question involved is in fact one of title or a complicated case of the right to possession. Id. To amplify, the

Court is duty-bound to proceed with the evidence until it appears that either or both of these issues does or do in fact exist. Clearly, the Court, and not the defendant, must make this finding in fairness to both parties.

In examining the contents of our statute creating the FED cause of action, we find that Section 781 of Title 28 of the V.I. Code prohibits the entry on land by force or in any way other than as given or authorized by law.

Section 782, Id., gives a right of action for forcible entry and detainer when forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force.

Section 789, Id., adds that the following shall be also deemed holding by force within the meaning of this Chapter: when the person in possession of any premises fails or refuses to pay rent due on the lease or agreement under which he holds, or deliver up the possession of the premises for three (3) days after demand made for such possession; or, secondly, when after notice to quit as provided in this Chapter, any person continues in possession of any premises at the expiration of the lease or agreement under which he holds, or contrary to any condition or covenant thereof, or without any written lease or agreement therefor.

In summary, a FED action will lie if any of the following conditions exists and is properly pleaded and proved to the Court:

1. Entry on the premises by force;

2. Entry on the premises peaceably but possession is detained or continued by force;

3. There is an undisputed oral or written lease agreement, and rent is due and owing thereon; or

4. There is an undisputed oral or written lease which has expired.

If any of the above factors exists, the cause of action will lie provided the appropriate notice to quit in the particular case has been served on the tenant according to law.

However, a FED cause of action will not lie where:

1. Title to the premises is in question; or

2. Where there is proved to the Court to exist a bona fide question of the existence of a lease at law or in equity, which has not yet expired.

An examination of the evidence recorded here shows, and the Court finds, that there has been no entry by force. There is not a case of peaceable entry but forcible detainer. There is not an undis-

puted oral or written lease on which rent is due. Nor, finally and fourthly, is there an undisputed oral or written lease which has expired and the tenant is illegally holding over. There is none of these four, several, grounds, and appropriate notice to quit as authorized by law in each case, which has matured into a sufficient cause of action for forcible entry and detainer, as prescribed by the statute.

But there does appear to be a question, not of title per se, the first requirement for the need for the plaintiff to utilize an ordinary civil action, as distinguished from this summary FED proceeding, but a bona fide issue of the existence of a lease at law or in equity, which has not expired, as required by subsection 789(a)(2) of Title 28 of the Code.

■■ Put otherwise, the issue here is what is that time limited in the lease under which the tenant holds. This takes us back to a statement heretofore made, as to the limitation of our jurisdiction in this class of cases. Unless the applicable statute provides otherwise, the jurisdiction of the Court in FED cases is confined to determining the issue of peaceable possession and does not extend to an adjudication of title or right to possession. This is a summary action, maintainable without legal costs for legal fees where there is little or no complexity or largeness as to the issues. Indeed, as Chief District Court Judge Almeric Christian held in the Suarez v. Christian case, supra, and as Sections 787 and 794 of Title 28 make abundantly clear, the only damages that may be appropriately asked and granted in such cases are naked possession and costs other than attorney's fees.

I have heard enough from the evidence presented to determine and hold, and I do hold, that here we are dealing with the types of issues which are beyond the scope of our jurisdiction and which can be properly and fairly litigated only by utilization of the procedure available in an ordinary civil action, as provided for in 28 V.I.C., Chapter 13.

■ Since I hold that the matter before me is coram non judice, I dismiss the case for lack of jurisdiction and recommend that plaintiff seek relief by filing a 20-day civil action in which all the facilities and safeguards of the applicable Federal and Local Rules of Procedure are available to the parties.

If the plaintiff prevails there, unlike here, it may be entitled to recover costs in its broader and more entire sense which includes attorney's fees and other expenses of the action. So while the de-

fendant here prevails on its motion, the plaintiff may very well have the last laugh. For, as we said earlier, here the plaintiff can only recover costs other than attorney's fees. (See 28 V.I.C., Sections 787 and 794).

### ORDER

The premises considered, in accordance with the accompanying Memorandum Opinion, it is hereby

ORDERED, that the defendant's motion is GRANTED, and the action is accordingly DISMISSED WITHOUT PREJUDICE.