**C.M.L., INC.**

v.

**Don A. DUNAGAN, d/b/a The Bilge, AFT Cabin, Inc., and George Kenny.**

**Appeal of AFT CABIN, INC., and George Kenny.**

**No. 89–3831.**

United States Court of Appeals, Third Circuit.

Argued April 26, 1990.

Decided June 4, 1990.

Diane Trace Warlick (argued), Christiansted, St. Croix, Virgin Islands, for appellant.

Lee J. Rohn (argued), Christiansted, St. Croix, Virgin Islands, for appellee.

Before SLOVITER, STAPLETON, and HUTCHINSON, Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

This is an appeal from an award of attorney's fees in a Virgin Islands statutory action for forcible entry and detainer ("FED") pursuant to 28 V.I.C. § 781 *et seq.* At the completion of the FED hearing, after the territorial court read findings and conclusions into the record, but prior to entry of judgment, the defendants tendered full payment of rent due, which was accepted by the plaintiff, and the territorial court accordingly dismissed the FED action.[1] However, the court took under advisement plaintiff's request for attorney's fees, and subsequently entered an order awarding attorney's fees of $1800 plus costs. The district court, sitting as an appellate panel pursuant to 48 U.S.C. § 1613a(b), affirmed by memorandum order. We have jurisdiction pursuant to 48 U.S.C. § 1613a(c), and will reverse.

### I.

Don Dunagan originally operated a bar in Christiansted called "The Bilge," under a lease from C.M.L. When Dunagan fell behind in his rent, Aft Cabin arranged to purchase his business, at least partially in consideration for paying his past rent due. For the same consideration, Aft Cabin induced C.M.L. to release Dunagan from his lease and sign an agreement to enter into a ten-year lease with Aft Cabin "under similar terms of the present lease." Appendix at 24. However, the parties never produced a mutually satisfactory lease, and Aft Cabin continued to occupy the property under what C.M.L. characterizes as a month-to-month tenancy at will under the terms of the prior lease.

In time, Aft Cabin too fell substantially behind in its rent payments, and negotiated with a third party to sell its operation, including the contemplated ten-year lease, in exchange for, *inter alia,* payment of the rent due. The negotiations reached the point where the prospective buyer had placed funds in escrow sufficient to cover the rent due, but the sale could not be accomplished until Aft Cabin could deliver a ten year lease. Rather than execute a new lease, C.M.L. instituted this FED action in territorial court seeking to regain possession of the property.

### II.

The Virgin Islands Code provides an action for forcible entry and detainer as a peaceful alternative to the often violent consequences of property owners exercising their right of self-help. *Suarez v. Christian,* 19 V.I. 1586 (D.V.I.1981). In exchange for revoking their right of repossession by force, the statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted. In such a summary proceeding, a property owner under certain specified circumstances, can

---

1. Appellant argues on appeal that the territorial court's findings of fact should be set aside as clearly erroneous. Apparently appellant is concerned about potential collateral effect being given to these findings. However, since no judgment was ever entered in the FED action, the findings of fact will have no collateral consequences.

quickly receive a judicial declaration of his right of occupancy and an order directing the marshal to remove the defendant and restore possession to the property owner.

Where a tenant is retaining possession by force, relief is available in a summary FED proceeding only if there "is an undisputed oral or written lease agreement, and rent is due and owing thereon; or [t]here is an undisputed oral or written lease which has expired." Conversely, "a FED cause of action will not lie where [t]itle to the premises is in question; or [w]here there is proved to the Court to exist a bona fide question of the existence of a lease at law or in equity, which has not yet expired." *Inter Car Corp. v. Discount Car Rental*, 21 V.I. 157, 159 (Terr.Ct.1984).

In its answer Aft Cabin raised a number of counterclaims involving the alleged contractual agreement to enter into a new lease. C.M.L. moved to dismiss these counterclaims as outside the scope of the summary FED proceedings. In response, defendant moved to convert the counterclaims into affirmative defenses, and moved to dismiss for lack of jurisdiction on the grounds that the case was not properly the subject of FED proceedings. Specifically, defendant argued that, in light of the alleged contractual obligation, there was a "bona fide question of the existence of a lease at law or in equity, which has not expired." *Inter Car, supra.* Even though Aft Cabin still would have been delinquent in rent under the alleged new lease, the existence of such a lease was relevant to the defense because that lease putatively contained a stringent notice provision with which C.M.L. arguably had not complied.

Nonetheless the court exercised jurisdiction as an FED action. While the territorial judge did not allow any counterclaims, she explicitly left the door open for proof of the existence of the new lease and adequate notice thereunder. In so doing, the territorial judge properly followed the procedure outlined in *Inter Car:*

> [J]urisdiction of a [FED] proceeding is not, apart from statute, ousted by a mere averment in a defendant's pleading[,] statement or argument[,] of ownership of the land, or that a question of title, legal or equitable, is involved. The Court may proceed until it appears that the question involved is in fact one of title or a complicated case of the right to possession. To amplify, the Court is duty-bound to proceed with the evidence until it appears that either or both of these issues does or do in fact exist.

21 V.I. at 158–59. Reviewing the transcript, we agree with the territorial judge that at no time in the hearing did the defendant advance sufficient evidence to create a bona fide question as to the existence of a new lease. Accordingly, we conclude that the territorial court had jurisdiction over this FED action.

### III.

■ The territorial court awarded attorney's fees under the authority of 5 V.I.C. § 541(a). That statute specifies the "costs which may be allowed in a civil action" and includes "attorney's fees" within such "costs." There is a special "cost" statute applicable to FED proceedings, however, which stipulates that the "total court fees and costs for the summary proceedings provided for in this chapter shall be $2.00." 28 V.I.C. § 794. We conclude that the statute specifically addressed to costs in FED proceedings prevails over the general costs statute and that attorney's fees are not recoverable in FED proceedings. This conclusion is in accord with the territorial court case law on the subject. *See Inter Car, supra; Sebastian v. Estate of Fredericks*, 22 V.I. 78, 86 (Terr.Ct.1986).

■ The territorial court in this case recognized that attorney's fees are not normally awarded in FED proceedings. It nevertheless made an award, reasoning that "[t]his case, though labelled an Action for Forcible Entry and Detainer has followed the format of a regular civil proceeding for the recovery of property." Appendix at 47. There is no question that if this were such a regular civil proceeding, the trial court would have had discretion to award attorney's fees, and the award in question would have been well within its allowable discretion. 5 V.I.C. § 541(b).

However, we cannot accept the trial court's argument that because the defen-

dant injected additional issues into the case this is not really an FED action. The complaint on its face asserted jurisdiction under the FED statute, and the FED time limits were apparently followed. More important, it is apparent that the trial court dismissed Aft Cabin's counterclaims, and restricted its proffered evidence regarding the alleged contractual obligation to enter a new lease once it was clear that no agreement had been reached as to the notice provision. *E.g.,* Appendix at 96–97. These decisions were proper only because this was an FED proceeding; if the territorial court's characterization of this action as "a regular civil proceeding" were accurate, Aft Cabin would have been entitled to advance its counterclaims in the same proceeding. Since the plaintiff chose to avail itself of the FED procedure, and successfully relied upon this procedure to exclude defendant's counterclaims from the forum, it should be precluded from recovering attorney's fees.

### IV.

For the foregoing reasons, we will reverse the judgment of the district court and remand with directions that the award of attorney's fees be vacated.