**VIRGIN ISLANDS PORT AUTHORITY, Appellant/Plaintiff**

**v.**

**PATRICK JOSEPH, Appellee/Defendant**

S. Ct. Civ. No. 2007/046

Supreme Court of the Virgin Islands

May 7, 2008

HENRY V. CARR, III, ESQ., Virgin Islands Port Authority, St. Thomas, USVI, *Attorney for Appellant.*

LEE J. ROHN, ESQ., Law Offices of Rohn and Cameron, LLC, St. Croix, USVI, *Attorney for Appellee.*

CABERT, *Associate Justice*; SWAN, *Associate Justice*; and HOLLAR, *Justice Pro Tem.*[1]

## MEMORANDUM OPINION

(May 7, 2008)

The Virgin Islands Port Authority ("VIPA") filed a forcible entry and detainer action ("FED") to recover possession of its premises from Patrick Joseph ("Joseph"). Upon finding that Joseph raised a bona fide defense to VIPA's FED complaint, the trial court entered an order dismissing the complaint for lack of subject matter jurisdiction. VIPA filed this appeal, asserting that the trial court erred in ruling that it lacked jurisdiction to consider the FED action. For the reasons which follow, we will reverse the trial court's decision and remand for further proceedings.

## I. BACKGROUND AND PROCEDURAL HISTORY

The record shows that for many years Joseph has operated a mobile food van in a VIPA-owned parking lot located on St. John. It appears that the food van is attached to more permanent extensions that are a part of Joseph's food vending business, all of which occupy approximately three parking spaces. Joseph has never had a written lease with VIPA, but has operated on the premises under an oral lease requiring him to pay $100.00 per month. On May 18, 2006, VIPA served Joseph with a notice to quit demanding that he vacate the premises by October 1, 2006. According to VIPA, it needed Joseph to move his food van out of the parking lot to increase the number of parking spaces available in Cruz Bay, St. John. Notwithstanding the notice to quit, Joseph paid rent for October, 2006 and continued to occupy the space. VIPA accepted the check, allegedly by

---

[1] Chief Justice Rhys S. Hodge recused himself from consideration of the matter.

mistake, and filed an FED action against Joseph ("first FED"). When the first FED action went before the trial court on October 26, 2006, the court dismissed the complaint upon ruling that VIPA was not authorized to file an FED complaint during October because Joseph had paid rent for that month.[2]

The day after the court dismissed the first FED action, VIPA served Joseph with another notice to quit the premises no later than December 1, 2006. Joseph did not vacate the premises as demanded in the notice, and on March 3, 2007, VIPA filed the FED complaint underlying this appeal ("instant FED complaint"). In response to the instant FED complaint, Joseph filed a motion to transfer the action to the Civil Division of the Superior Court on the ground that he had colorable defenses to the complaint.

At a hearing on the instant FED complaint, Joseph's counsel reiterated that the matter should be transferred to the Civil Division. Counsel argued that, although Joseph did not have a written lease, the doctrine of promissory estoppel prevented VIPA from evicting him from the parking lot. According to counsel, in 2005 Joseph's food van burned down. Before rebuilding, Joseph purportedly contacted VIPA to determine whether his oral lease would be terminated. Counsel stated that a VIPA representative informed Joseph that if he paid his rent he could maintain his business in the parking lot as long as he desired. In reliance on this promise, Joseph allegedly invested $15,000.00 to rebuild his van and the attached structures. Counsel further asserted that VIPA's eviction of Joseph, who is a local West Indian, was racially motivated. Finally, counsel stated that although VIPA refused to accept rent from Joseph after the October 2006 payment, Joseph had been paying rent into escrow for the ensuing months. In response, VIPA argued that it was entitled to recover the premises from Joseph because he was a month-to-month tenant under an oral lease and was properly served with a notice to quit.

Upon hearing these arguments, and without considering any evidence, the trial court concluded that it lacked jurisdiction to consider the FED action. The trial judge found that Joseph had raised a colorable defense to

---

[2]   *See* V.I. CODE ANN. tit. 28, § 791 ("The service of a notice to quit upon a tenant or person in possession does not authorize an action to be maintained against him for the possession of the premises before the expiration of any period for which such tenant or person has paid the rent of such premises in advance.").

the complaint and ruled that "[o]nce a defendant raises a colorable defense, [the trial court] lacks jurisdiction over the Complaint." (J.A. at 8.) Accordingly, the trial court entered an order dismissing the instant FED complaint for lack of subject matter jurisdiction. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

■ We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which vests the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." We exercise plenary review over the trial court's application of law. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 330 (V.I. 2007).

## III. DISCUSSION

FED actions are governed by title 28, sections 751 through 794 of the Virgin Islands Code. These sections provide for summary adjudication of a limited class of simple eviction proceedings. As described by the Third Circuit Court of Appeals in *C.M.L., Inc. v. Dunagan*:

> The Virgin Islands Code provides an action for forcible entry and detainer as a peaceful alternative to the often violent consequences of property owners exercising their right of self-help. *Suarez v. Christian*, 18 V.I. 581 (D.V.I. 1981). In exchange for revoking their right of repossession by force, the statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted. In such a summary proceeding, a property owner under certain specified circumstances, can quickly receive a judicial declaration of his right of occupancy and an order directing the marshal to remove the defendant and restore possession to the property owner. Where a tenant is retaining possession by force, relief is available in a summary FED proceeding only if there "is an undisputed oral or written lease agreement, and rent is due and owing thereon; or [t]here is an undisputed oral or written lease which has expired." Conversely, "a FED cause of action will not lie where [t]itle to the premises is in question; or [w]here there is proved to the Court to exist a bona fide question of the existence of

a lease at law or in equity, which has not yet expired." *Inter Car Corp. v. Discount Car Rental*, 21 V.I. 157, 159 (Terr. Ct. 1984).

904 F.2d 189, 190-91 (3d Cir. 1990) (paragraph indention omitted).

■ In our case, the trial court dismissed VIPA's FED action because it apparently believed that there is a bona fide question of the existence of a lease in equity which has not yet expired. VIPA raises four arguments in support of its assertion that the trial court erred in dismissing the instant FED complaint. First, VIPA argues the trial court erred in considering Joseph's defenses because Joseph was collaterally estopped by the first FED action from asserting his defenses to the instant FED complaint. As pointed out by Joseph, however, VIPA failed to raise this argument below. Although VIPA argues on appeal that the trial court "severely cut-off Appellant's counsel from arguing in opposition to Appellee's motion . . . and thus prevented him from raising the defense of collateral estoppel," (Appellant's Br. 5 n.2) the transcript reveals that VIPA made no attempt to preserve this argument during the hearing. On the contrary, at the end of the hearing counsel for VIPA stated that he had "no more business before the Court" and asked to be excused. (J.A. at 10.) Furthermore, Joseph first raised his defenses in a written motion filed one week before the hearing, and VIPA filed no response to the motion.[3] "It is well established that failure to raise an issue in the [trial] court constitutes a waiver of the argument" on appeal. *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246, 45 V.I. 649 (3d Cir. 2002) (citations and internal quotation marks omitted); *see also Newark Morning Ledger, Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976). There is an exception to the general rule of waiver where exceptional circumstances are shown to exist. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001) (recognizing examples of exceptional circumstances where "the public interest requires that the issues be heard or manifest injustice would result from the failure to consider such issues"). However, VIPA has not presented the Court with any exceptional circumstances which warrant a departure from the general rule. *See Hormel v. Helvering*, 312 U.S. 552, 556-58, 61 S. Ct. 719, 721-22, 85 L. Ed. 1037 (1941) (discussing circumstances which

---

[3] VIPA's counsel asserts that he did not file a response because he had insufficient time and "had assumed that the lower court would grant [Joseph's] motion for a continuance." (Appellant's Br. 5 n.2.)

justify consideration of an issue for the first time on appeal). Accordingly, VIPA is barred from raising this argument on appeal.[4]

VIPA also asserts that the trial court erred in dismissing the instant FED complaint because the undisputed facts establish that the controversy is an appropriate subject for a summary FED proceeding. In this regard, VIPA contends that Joseph is a month-to-month tenant who continues to possess the premises by force after his tenancy was properly terminated. Under these circumstances, VIPA argues, the trial court had jurisdiction over its FED complaint, and the court should have awarded possession of the premises to VIPA. This argument implies, however, that the trial court should have taken the allegations in the complaint as true and ignored the defenses asserted by Joseph. One of these defenses is that VIPA is estopped to deny the existence of a lease between the parties that has not yet expired. Although we render no opinion here as to the merits of this defense, Joseph was nevertheless permitted to raise the defense in response to VIPA's FED complaint. *See Dunagan*, 904 F.2d at 191 (recognizing that trial court properly "left the door open" for defendant to prove its defenses to the FED complaint); *Inter Car*, 21 V.I. at 158-59 (ruling that trial court should consider evidence of defenses raised in an FED action); SUPER. CT. R. 37 (permitting a defendant in an FED action to "raise any defenses he may have to plaintiff's cause"). And, if Joseph was able to produce sufficient evidence to create a bona fide question as to the existence of a lease that has not yet expired, the trial court would have lacked jurisdiction over the FED complaint. *See Dunagan*, 904 F.2d at 191. Thus, contrary to VIPA's assertions, the trial court was not required to find, based solely on the allegations in the complaint and the arguments of counsel, that the parties had an undisputed lease that had expired.

There is also no merit in VIPA's assertion that the trial court misapplied the courts' decisions in *Inter Car* and *Estate of Thomas Mall, Inc. v. Territorial Court of the V.I.*, 923 F.2d 258 (3d Cir. 1991), because

---

[4] Even if VIPA had preserved this issue for appeal, it is clear that the trial court in the first FED action dismissed the complaint based solely on VIPA's acceptance of Joseph's rent payment. (*See* J.A. at 109). Thus, it does not appear that the trial court's judgment in the first FED action would have any collateral consequences related to the issues in the instant FED action. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. h (1982) ("If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded.").

both those cases required bona fide defenses to be based on the interpretation of written leases. Initially, we note that, although the lease at issue in *Thomas Mall* was a written lease, *see Thomas Mall*, 923 F.2d at 259, it is unclear from the court's opinion in *Inter Car* whether the lease under consideration in that case was written or oral. *See Inter Car*, 21 V.I. at 160. Furthermore, the courts in *Thomas Mall* and *Inter Car* did not rule that a bona fide defense must be based on the interpretation of a written lease. Rather, in *Inter Car* the court ruled, in relevant part, that an "FED cause of action will not lie where . . . there is proved to the Court to exist a bona fide question of the existence of a lease at law or in equity, which has not yet expired." *Id.* at 159. Similarly, in *Thomas Mall,* the court recognized that a trial court in an FED action cannot "adjudicate a right of possession that depends on an equitable interest in the premises [ ] or inquire into equitable rights and give relief to which the party might be entitled in equity." *Thomas Mall*, 923 F.2d at 264 (quoting *Inter Car*, 21 V.I. at 159). Neither *Inter Car* nor *Thomas Mall* require that the possessory interest at issue in an FED action be created by a written agreement.

■ Finally, though not cited by the trial court in the instant case, the Third Circuit's decision in *Dunagan* plainly reveals that a bona fide defense to an FED complaint need not be based on the interpretation of a written lease. Indeed, in that case, the dispute arose because "the parties never produced a mutually satisfactory lease, and [the defendant] continued to occupy the property under what [the plaintiff] characterize[d] as a month-to-month tenancy at will under the terms of the prior lease." *Dunagan*, 904 F.2d at 190. In light of these circumstances, the Third Circuit ruled, it was for the trial court to determine whether the defendant produced sufficient "proof of the existence of the new lease and adequate notice thereunder" to establish a bone fide defense. *Id.* at 191. Thus, we disagree with VIPA that a bona fide defense to an FED complaint must be based on the interpretation of a written lease.

We do find merit, however, in VIPA's final assertion that the trial court should have heard evidence in the FED action until it determined whether Joseph's defenses were bona fide or colorable. In this regard, in *Dunagan* the court recognized:

> ■ [J]urisdiction of a [FED] proceeding is not, apart from statute, ousted by a mere averment in a defendant's pleading[,] statement or

argument[,] of ownership of the land, or that a question of title, legal or equitable, is involved. The Court may proceed until it appears that the question involved is in fact one of title or a complicated case of the right to possession. To amplify, the Court is duty-bound to proceed with the evidence until it appears that either or both of these issues does or do in fact exist. Reviewing the transcript, we agree with the territorial judge that at no time in the hearing did the defendant advance sufficient evidence to create a bona fide question as to the existence of a new lease. Accordingly, we conclude that the territorial court had jurisdiction over this FED action.

*Dunagan*, 904 F.2d at 191 (citation omitted).

In our case, the transcript reveals that the trial court relied exclusively on the brief argument of Joseph's counsel in determining that Joseph had raised a bona fide defense to VIPA's complaint for possession of the premises. It is clear that the court erred in this regard and should have heard evidence on the matter until it was clear whether Joseph had sufficient evidence to establish that he had a "facially bona fide and good faith claim of right" to possession of the premises. *Thomas Mall*, 923 F.2d at 260; *see also Dunagan*, 904 F.2d at 191, *Inter Car,* 21 V.I. at 158-59. We reach this conclusion based solely on the fact that in dismissing the case the trial judge did not follow the procedure outlined in *Inter Car* and approved by the court in *Dunagan.* We express no opinion, however, as to the propriety or merits of the defenses raised by Joseph.

## IV. CONCLUSION

For the foregoing reasons, we will reverse the trial court's dismissal of this action and remand this matter with instructions to hear evidence on the FED complaint and Joseph's defenses. The trial court should hear evidence until it is able to determine, based on the evidence, whether Joseph has raised a facially bona fide and good faith defense to VIPA's claim for possession. If the trial court determines that there is insufficient evidence to support such a defense, it should proceed with the FED summary proceeding. If the trial court determines that Joseph has presented sufficient evidence of a facially bona fide and good faith claim of right to possession of the premises, the court should dismiss the matter, and VIPA may thereafter file an ordinary civil action.