**H&H AVIONICS, ROCKY HUGHES and DIMITRI DILOTIS, Appellants**

**v.**

**ST. CROIX AIRPARK, INC., Appellee**

D.C. Civil App. No. 2002/00156

District Court of the Virgin Islands

Division of St. Croix, Appellate Division

December 5, 2008

RENE D. DOWLING, ESQ., St. Croix, USVI, *Attorney for Appellant.*

ALLAN CHRISTIAN, ESQ. (Deceased), St. Croix, USVI, *Attorney for Appellee.*

Notice to GREGORY E. MILLER, ESQ., Receiver for ALLAN CHRISTIAN, ESQ.

GÓMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and CARROLL III, *Judge of the Superior Court, sitting by designation.*

## Memorandum Opinion

December 5, 2008

This is an appeal of the Superior Court's judgment of eviction in a forcible entry and detainer action.[1] In this appeal, we are asked to determine whether the trial court appropriately exercised jurisdiction under the Virgin Islands forcible entry and detainer statute.

## I. FACTUAL AND PROCEDURAL POSTURE

Appellee, St. Croix Airpark Inc. ("Airpark") is a Virgin Islands corporation with six shareholders, two of which are Appellants Rocky Hughes and Dimitri Diliotis.[2] Hughes is also the owner and operator of Appellant, H & H Avionics, Inc. Dilotis is also the owner of Premier Airlines. On June 1, 1999, Airpark leased No. 1 Henry E. Rohlson Airport ("property") from the Virgin Islands Port Authority. Airpark's shareholders, including Hughes and Dilotis, contributed both money and/or labor to the construction of a facility on the property. Once the facility was completed, all of the shareholders shared space there for the purposes of serving as a base of operations for various aviation-related businesses.

On May 18, 2002, a meeting of Airpark's executive board was held and attended by all six shareholders. (J.A. pp. 56, 121.) However, Hughes and Dilotis left the meeting before it was concluded. (J.A. pp. 88, 99-100.) At that meeting, the board passed several corporate resolutions including one

---

[1] At all times relevant to the lower court's proceedings, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, where applicable, the Court employs the terms "Superior Court" and "judge of the Superior Court."

[2] The six shareholders are: Addison Christian, Rocky Hughes, Dimitri Dilotis, John Ressel, Sven Ovesen and Tomas Melendez.

which called for the collection of outstanding rents owed to Airpark within thirty days of the meeting. (J.A. pp. 99. 57, 124.) After the thirty days expired, the resolution authorized Airpark to take legal action against delinquent tenants. (J.A. pp. 57, 124.) Hughes and Dilotis did not comply and by letter dated May 21, 2002, Airpark requested overdue rent. They failed to pay and Airpark issued a notice to quit dated July 1, 2002, directing them to vacate the premises within thirty days due to their delinquency.

Appellants neither paid the contested rent nor vacated and on September 25, 2002, Airpark commenced an action for forcible entry and detainer against them. The Appellants filed a timely answer to the complaint and a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6).[3] On October 15, 2002, the trial court denied the motion and held a bench trial on the same day.

At trial, Addison Christian, Airpark shareholder and President, testified that although no written leases were executed, Appellants made some monthly rental payments. (J.A. pp. 59, 60.) Alfreda Smith Oveson testified that, in her capacity as secretary of Airpark, she received monthly rent from several of the shareholders that shared space at the facility.[4] Oveson further testified that she received rent from Appellant H&H for August and September of 2000[5]; and that she received periodic monthly rent payments from Appellant Dilotis on behalf of Premier Airlines until March of 2002. (J.A. pp. 65, 74.)

Also entered into evidence, were rent receipts showing that Airpark received rent from H&H during the months of August 16, 2000 and October 19, 2000. (J.A. p. 114.) The receipts indicated that Appellant Dilotis paid rent in the amount of $800.00 between the months of August to March 2000 and $1,000.00 between March 2000 and December 2001 on behalf of Premier Airlines. (J.A. pp. 114-120.) The aforementioned rent receipts were signed by Airpark, referenced the Appellants' respective corporate names and indicated that the money was received for

---

[3]  In their motion to dismiss, the Appellants argue that the trial court lacked jurisdiction under the FED statute, because as shareholders, they raised a colorable claim of title to the premises they occupied. (J.A. pp. 5-7.)

[4]  Oveson stated that her business, Crucian International Airlines, which is also a shareholder, paid monthly rent of $400. (J.A. p. 75.)

[5]  (J.A. pp. 73, 74.)

the payment of rent at No 1. H.E.R. (Henry E. Rohlson) Airport. However, throughout the bench trial, Appellants consistently testified that they paid no monthly rent nor did they ever agree to do so.

After the close of all evidence, the trial court ruled in favor of Airpark and entered a Judgment of Eviction against the Appellants. The trial court specifically held that the Appellants were tenants of the corporate plaintiff and that in the absence of a written lease, a month-to-month tenancy existed. The court also held that the Appellants failed to pay the agreed upon rent and that Airpark was entitled to restitution of the premises. (J.A. pp. 102, 103.) On October 18, 2002, the trial court entered its judgment of eviction. (J.A. p. 111.) The Appellants filed timely appeals.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court may review final judgments and orders of the Superior Court in civil cases.[6] We exercise plenary review over questions of law.[7] *Government v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001).

## III. DISCUSSION

**Whether the trial Court appropriately exercised subject matter jurisdiction under the Virgin Islands forcible entry and detainer statute.**

The trial court's jurisdiction over forcible entry and detainer actions is governed by V.I. CODE ANN. tit. 28, § 782(a) (1996), which provides,

---

[6] *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* V.I. CODE ANN. §§ 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. Code Ann. tit. 1); V.I. CODE ANN. tit. 4, § 33 (2002).

[7] On the question of jurisdiction of the Superior Court in FED actions, the Third Circuit has stated:

Jurisdiction of a [FED] proceeding is not . . . ousted by a mere averment in a defendant's pleading[,] statement or argument[,] of ownership of the land, or that a question of title, legal or equitable, is involved. The [trial] court may proceed until it appears that the question involved is in fact one of title or a complicated case of the right to possession. To amplify, the court is duty-bound to proceed with the evidence until it appears that either or both of these issues does or do in fact exist.

*C.M.L., Inc. v. Dunagan*, 904 F.2d 189, 191 (3d Cir. 1990).

(a) When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession thereof.

V.I. CODE ANN. tit. 28, § 782(a).

An action for forcible entry and detainer is a peaceful alternative in lieu of the often violent consequences of property owners exercising their right of self-help. *Suarez v. Christian*, 18 V.I. 581 (D.V.I. 1981). In exchange for revoking their right of repossession by force, the statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted. *C.M.L., Inc. v. Dunagan*, 904 F.2d 189, 191 (3d Cir. 1990). In such a summary proceeding, a property owner, under certain specified circumstances, can quickly receive a judicial declaration of his right of occupancy and an order directing the marshal to remove the defendant and restore possession to the property owner. *Id.*

█ "But speedy adjudication of the issue of peaceable possession comes at a price. The price is that the scope of an FED proceeding is very limited." *Estate of Thomas Mall, Inc. v. Territorial Court of Virgin Islands*, 923 F.2d 258, 264-265 (3d Cir. 1991).

> Unless the statute is to the contrary, the jurisdiction of the court in FED cases is confined to determining the issue of peaceable possession and does not extend to (a) an adjudication of title or (b) the right to possession; nor can the justice adjudicate a right of possession that depends on an equitable interest in the premises or inquire into equitable rights and give relief to which the party might be entitled in equity.

*Id.* at 259 (citing *Inter Car Corp. v. Discount Car Rental*, 21 V.I. 157, 159 (Terr. Ct. 1984)).

Appellants argue that no lease existed, oral or otherwise, no tenancy was ever created by law or agreement and that as shareholders/partial owners of the Appellee corporation, they occupied the premises under a claim of right. (J.A. pp. 96-97.)

However, at trial, Airpark and its representatives testified that the parties entered into an oral lease agreement for monthly rental payments. Airpark's witnesses also testified that the Appellants made periodic

monetary contributions towards their monthly rental obligations, but fell short of fully satisfying those obligations.[8] (J.A. pp. 58, 73, 74.)

In sharp contrast, Appellants testified that the primary purpose of their corporate affiliation with Airpark was to collectively construct a building to serve as a fixed base of operation for their aviation-related businesses; and that they contributed to the construction of such a facility to obviate the burden of paying monthly rent. (J.A. pp. 85, 88, 95-98.) Appellants also testified that although their periodic payments were recorded as "rental" receipts by Airpark, those payments were really contributions to the corporation's debts, expenses and the on-going maintenance of the facility and were not monthly rental payments. (J.A. pp. 96-98.)

The Third Circuit Court of Appeals has clearly annunciated that in the Virgin Islands, "*[a]s soon as* a defendant in possession in an FED action raises a colorable defense requiring *construction* of an agreement between the property owner and the party in possession, an FED action will not lie. *Estate of Thomas Mall Inc.*, 923 F.2d at 264 (emphasis added). Here, Appellants are shareholders, co-founders and purported tenants of the Appellee. The Appellee is a small, closely-held corporation whose undisputed primary purpose was to construct and maintain a building for the shareholders to occupy. Shareholders, including the Appellants, provided labor, materials and maintenance contributions. In addition, there is no written lease between the parties and the parties contest whether an oral lease for rental payments existed. Nonetheless, the trial court addressed this matter in a summary FED proceeding.

■ Under these facts, the Appellants raised a colorable claim of right to occupy the premises. While we may not appropriately express an opinion as to the merits, determination of the Appellants' claim of right unquestionably required the trial court's construction of an oral lease. In sum, resolution of this matter is appropriately addressed in an ordinary civil action, not summary FED proceedings. *See Id.* at 264; *Dunagan*, 904 F.2d at 192 (quoting *Inter Car*, 21 V.I. at 159). Accordingly, we conclude that the trial court did not properly exercise subject matter jurisdiction over this action. We therefore, vacate the Superior Court's Judgment of Eviction and remand this matter, with instructions, for further consideration.

---

[8]    Airpark also contended that it issued a notice to quit to the Appellants because they owed Airpark rent.

## IV. CONCLUSION

For the aforementioned reasons, we conclude that the trial court lacked subject matter jurisdiction over this matter under the Virgin Islands' forcible entry and detainer statute. For this reason, we vacate the trial court's October 18, 2002 Judgment of Eviction and remand this matter with the instruction that the presiding judge of the Superior Court assign this matter to the Superior Court's regular civil docket. An order consistent with this opinion shall follow.