

**FILED**

February 27, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JESSICA RICHARDS-DALEY, ) | CIVIL NO. ST-19-CV-533 |
| ) | |
| Plaintiff, ) | ACTION FOR FORCIBLE |
| ) | ENTRY AND DETAINER |
| vs. ) | |
| ) | |
| CRYSTAL JOY GEORGE, ) | Cite as 2020 VI Super 031 U |
| ) | |
| Defendant. ) | |

**Appearances:**

**JOSEPH CAINES, ESQ.**
*For Plaintiff Jessica Richards-Daley*

**CAROL A. RICH, ESQ.**
Dudley Rich LLP
*For Defendant Crystal Joy George*

**MEMORANDUM OPINION**

**CARR, H.,** *Magistrate Judge*

¶1    **THIS FORCIBLE ENTRY AND DETAINER MATTER** was heard by Henry V. Carr, III, Magistrate Judge of the Superior Court of the Virgin Islands, on October 4, 2019. Plaintiff Jessica Richards Daley was present and represented by counsel Joseph Caines, Esq. Defendant Crystal Joy George was present and represented by counsel Carol Rich, Esq. Defendant filed a Motion to Dismiss on October 1, 2019. At trial, the Court took the Motion under advisement and allowed Plaintiff to present evidence. During trial, Plaintiff made an oral Motion to Dismiss. Upon consideration of the parties' testimony and of the exhibits duly admitted into evidence, the Court shall dismiss this matter without prejudice.

### I.    Plaintiff has not Proved Standing

¶2    The first issue concerning the Court in this case is whether Plaintiff has proved standing to bring this matter in an FED proceeding. The Court finds that Plaintiff has not met such a burden.

¶3     Title 28, § 782(a) of the Virgin Islands Code provides for the right of a property owner to recover possession of his or her premises:

> When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession thereof.

¶4     Under the statute, "an *owner* is entitled to maintain an action to recover possession of property held by another by force."[1]   A Plaintiff in an FED matter must therefore have an ownership right to the property in question in order to have the authority to bring such an action and recover possession.  A non-owner cannot rightfully recover possession of property to which he is not entitled.

¶5     In the present matter, the Court finds that ownership of the property in question does not lie with Plaintiff.[2]  The disputed property is Gift & Regenback 87-3, also known as B-C Gift & Regenback, Nos. 13 & 14 Cruz Bay Quarter, St. John, U.S. Virgin Islands.  In Defendant's Memorandum in Support of Motion to Dismiss, filed on October 1, 2019, she included a copy of the final adjudication of the estate of one Estella Stagger (Probate No. ST-98-PB-21).  Ms. Stagger was the grandmother of Plaintiff and mother of Plaintiff's mother, Cecile Richards.  The adjudication of Ms. Stagger's estate, dated April 22, 2009, states that Ms. Stagger died intestate, leaving behind five children and heirs-at-law: Noel Boynes, Avilda Matthias, Elsie Roberts, Carl Powell, and Cecile Richards.[3]  The adjudication includes, among descriptions of the real property belonging to the estate, the property central to this case,[4] and divides interest in the property among Ms. Stagger's five children, including Plaintiff's mother, in equal portions.[5]

---

[1] *Barnes v. Weber*, 50 V.I. 167, 171-172 (Super. Ct. 2008) (emphasis added).

[2] Plaintiff filed this case via Power of Attorney granted her by her mother, Cecile Richards, by written instrument on June 1, 1998 and again on September 19, 2019.  It is Cecile Richards' right of ownership, rather than Plaintiff's, that Plaintiff has the burden to prove, and which she has failed to demonstrate.

[3] *In the Matter of the Estate of Estella Stagger, deceased*, Probate No. ST-98-PB-21, Adj. ¶ 3

[4] *Id.* at ¶ 4, n.4, citing n.3: "Decedent acquired title to said parcel by virtue of the Last Will and Testament of William Stagger, Sr., (decedent's father) dated April 13, 1968; the Adjudication thereof entered on March 13, 2007 in the Superior Court of the Virgin Islands in the *Estate of William Stagger, Sr., deceased*, Probate No. ST-02-PB-20; the Adjudication entered on February 19, 1992 in the Territorial Court of the Virgin Islands in the *Estate of William Stagger, deceased*, Probate No. 2/1986 (decedent's brother); the Partition Deed dated September 3rd, 1971 between Ethlyn Miles, William Stagger [Jr.], Evelyn Wynn, Estella Stagger, Ina V. Lee and Beryl Byard; the Exchange Deed dated March 14, 1974 between Ethlyn Miles and William Stagger [Jr.]; and the Deed of Gift dated September 25, 1969 between Catherine Stagger Christian (decedent's aunt) as Grantor and Estella Stagger, Ethlyn Miles, William Stagger, Beryl Byard, Evelyn Wynn and Ina V. Lee as Grantees."

[5] *Stagger* Adj. 4-5.

¶6     Therefore, upon the closing of Ms. Stagger's estate, Plaintiff's mother, Cecile Richards, was granted shared ownership of Gift & Regenback 87-3 equally with her four siblings as tenants in common.[6]  As a tenant in common, Ms. Richards has the right to

> use and enjoy the entire property to the fullest extent consistent with the ordinary manner of deriving profits from property of like character. [She] may grant to other persons freely, and without the necessity of consent of [her] co-tenant, [her] interest in the property and whatever rights [s]he enjoys.[7]

¶7     While any tenant in common can grant a third party a right of possession in a property, no tenant in common has the right to unilaterally oust a tenant who has been granted possession by a fellow tenant in common.  Without evidence establishing that co-tenants in common have "entered into any agreement which limits the possessory rights" of certain co-tenants to a property, any co-tenant may allow an outside party a possessory right to the property.[8]  Thus, if any one of Ms. Richards' siblings and co-tenants is still allowing Defendant to retain possession of the property, Ms. Richards has no right to oust Defendant.

¶8     In order to satisfy the burden of proof of ownership, Plaintiff provided at trial Affidavits from certain co-tenants and heirs stating that, before probate commenced in the Estate of Estella Stagger, all five of Ms. Stagger's children and heirs agreed that all rights and interest in Gift & Regenback 87-3 would be transferred to Cecile Richards, making her sole owner of the property. Plaintiff also provided a quitclaim deed purporting to prove said transfer.

¶9     The Supreme Court of the Virgin Islands has addressed the requirements of a valid *inter vivos* transfer of real property:

> "[U]nder Virgin Islands law a person may transfer ownership of real property during his or her lifetime 'by a deed of conveyance or other instrument in writing' that is 'signed by the person' doing the transfer or his agent 'and executed with such formalities as are required by law.' 28 V.I.C. § 241(a)(2). Chapter 3 of title 28 sets forth the 'formalities ... required by law' for the execution of a deed within the Virgin Islands, which are that the deed be 'executed in the presence of two witnesses, who shall subscribe their names to the same as such,' 28 V.I.C. § 42(a), and that, if the person signing the deed is the one making the transfer, that the person 'be[ ] of lawful age.'"[9]

---

[6] "Every conveyance or devise of lands or an interest therein … made to two or more persons, other than to executors and trustees as such, shall create a tenancy in common in such estate, unless it is expressly declared in the conveyance or devise that the grantees or devisees shall take the land as joint tenants. 28 V.I.C. §7(b).

[7] *Phaire v. James*, 21 V.I. 261, 262 (V.I. Super. Ct. 1985) (citing *Rayonier, Inc. v. Polson*, 400 F.2d 909 (9th Cir. 1968)).

[8] *Phaire* at 262.

[9] *Harvey v. Christopher*, 55 V.I. 565, 574 (V.I. 2011); *see also S & S Services, Inc. v. Chapman*, 40 V.I. 320, 324, 35 F.Supp.2d 459, 462 (D.V.I. 1999) (declaring the "requirement that the deed be signed by a conveyer of lawful age, or

¶10 At trial, counsel for Defendant observed that Plaintiff's quitclaim deed purporting to prove a valid transfer of property to Cecile Richards from her siblings appeared to have multiple deficiencies. First, it was not signed by all of the grantors. Second, it was an unrecorded document from 2013, four years after the closing of Ms. Stagger's estate. Finally, the only person who appeared before the notary was Plaintiff; none of the grantors appeared, nor did the two witnesses required under Title 28. The lack of witnesses alone would have rendered the deed invalid under Virgin Islands law.[10] Recognizing the deficiencies of the quitclaim deed, counsel for Plaintiff withdrew the deed from evidence.

¶11 The Affidavits, meanwhile, were also insufficient to prove that all co-tenants had agreed to transfer their property rights to Cecile Richards. While three of the four documents were signed by actual co-tenants- Noel Boynes, Elsoe Roberts, and Carl Powell- the fourth was not written or signed by the final co-tenant, Avilda Matthias, but rather by her daughter, Monique Matthias. Plaintiff presented no proof at trial that Monique Matthias has any title in the property in question. While counsel for Plaintiff claimed that Monique Matthias is the administratrix of her mother's estate, the Court has found no evidence that the estate of Avilda Matthias has yet been entered into probate. Thus, an Affidavit from Monique Matthias cannot prove that Avilda Matthias, one of the co-tenants of Gift & Regenback 87-3, ever granted her right to the property to Cecile Richards, nor can the Affidavit itself grant that right. Neither can Monique Matthias, on behalf of her mother, declare whether her mother would have wanted Defendant to remain on or be removed from the property. Therefore, without proof that either (1) Cecile Richards owns Gift & Regenback 87-3 outright, rather than as a co-tenant, or (2) proof that all other co-tenants agree to the removal of Defendant from the property, Cecile Richards has no standing to bring an FED proceeding against Defendant, nor can Plaintiff do so on her behalf.

## II.    Termination of a Tenancy at Will Requires Three Months' Notice to Quit

¶12 The next issue before the Court is whether the Notice to Quit that Plaintiff served upon Defendant provided Defendant with sufficient notice as required in a tenancy at will relationship. A tenancy at will is defined by the Restatement (Second) of Property as a landlord-tenant relationship "created to endure only so long as both the landlord and the tenant desire."[11] "Where the parties enter into a lease of no stated duration and no periodic rent is reserved or paid, a tenancy

---

his agent, and that it be executed in the presence of two witnesses" as the formalities required to execute a valid deed within the Virgin Islands).
[10] *Alexander v. Alexander*, 65 V.I. 372, 384 (V.I. 2016): "[T]he original deed was defective to convey title of the Property due to the lack of a second witness's signature on the deed."
[11] Restatement (Second) of Property, Land. & Ten. § 1.6 (1977).

at will is presumed."[12]  Title 28, § 752 of the Virgin Islands Code governs the termination of estates at will:

> All estates at will or by sufferance may be terminated by either party, by three months' notice in writing given by the other party.

¶13    At trial, the Court questioned Plaintiff's counsel about the nature of Defendant's tenancy and found that Defendant had occupied Gift & Regenback 87-3 for at least six years.[13]  She moved onto the property with her husband, Jesse Richards, Jr., who was also the brother of Plaintiff and the son of Cecile Richards.  The couple and their three young children lived on the property at the will and with the consent of at least some members of Plaintiff's family, and did so peacefully for the duration of Mr. Richards, Jr.'s life.  After Mr. Richards, Jr. passed away in 2016, Defendant and her children continued to reside on the property until the present time.  Both parties acknowledge that there was never any lease involved and neither the Defendant nor her late husband ever paid any rent on the property.  The Court finds that the duration of Defendant's stay, combined with the lack of rent or any written instrument fixing terms of the tenancy, makes this a case of tenancy at will.

¶14    As observed above, a tenancy at will requires a three months' written notice of termination in order to proceed with lawful eviction.  However, Plaintiff's Notice to Quit was served on Defendant on February 27, 2019 and ordered Defendant to vacate the property by April 30, 2019.  Thus, the Notice to Quit was deficient, as it gave Defendant only two months to vacate the property, rather than the full three months required in a tenancy at will.  Even if there were no other problems with Plaintiff's case, it could not proceed due to such a deficiency.  If Plaintiff wishes to bring this case before the Court again, she must first serve Defendant with a proper three months' Notice to Quit.

### III.    Whether the Court is ousted from exercising FED jurisdiction.

¶15    The final issue concerning the Court is whether Defendant's potential equitable interest in the property or other complicating features of this matter divest this Court of jurisdiction to hear the matter. While Defendant addressed this issue in her Memorandum in Support of Motion to Dismiss, Plaintiff made an oral Motion to Dismiss at trial before the Court was able consider this question from the bench.  However, as the issue would have arisen had the matter proceeded to its conclusion, the Court will address the potential problems this case would face on this issue.

---

[12] Restatement (Second) of Property, Land. & Ten. § 1.6, Comment b (1977). *See also Tenancy at will*, BLACK'S LAW DICTIONARY (9th ed. 2009) (Defines a tenancy at will as "[a] tenancy in which the tenant holds possession with the landlord's consent but without fixed terms (as for duration or rent); specif., a tenancy that is terminable at the will of either the transferor or the transferee and that has no designated period of duration.).

[13] While the parties disagreed on how long Defendant had resided on the property, the consensus was that it had been for a period of at least six years.

¶16    The purpose of the FED statute is to provide a mechanism to allow a landlord to regain peaceful possession of property in a simple and speedy process in place of the landlord's often-violent use of self-help.[14]   It is a summary proceeding in derogation of the common law and, therefore, its provisions must be strictly construed.[15]

¶17    The FED procedures are much shorter and simpler than the regular civil process.  The filing of motions is rare and limited; when they are filed, they generally only question whether the court has sufficient authority to exercise FED jurisdiction.   Because of the shorter time limits regarding when an FED summons must be served and the case heard, the filing of discovery is also rare.[16]  The only relief that a court can grant is restitution of the premises.  No other action, such as an action for debt for nonpayment of rent, can be joined in an FED action.[17]  Because of the summary nature of FED proceedings, the issues that the court can hear are severely abridged.

¶18    A landlord can set forth a prima facie case of FED jurisdiction if she can prove that "there is an undisputed oral or written lease agreement, and rent is due and owing thereon."[18]  However, FED jurisdiction

> does not extend to (a) an adjudication of title or (b) the right to possession; nor can the justice adjudicate a right of possession that depends on an equitable interest in the premises or inquire into equitable rights and give relief to which the party might be entitled in equity.[19]

¶19    An FED action will not lie where "title to the premises is in question; or where there is proved to the Court a bona fide question of the existence of a lease at law or in equity, which has not yet expired."[20] Additionally,

> [t]he trial court should hear evidence until it is able to determine, based on the evidence, whether [the tenant] has raised a facially bona fide and good faith defense to [the landlord's] claim for possession.  If the trial court determines that there is

---

[14] *C.M.L., Inc. v. Dunagan,* 904 F.2d 189, 190-191 (3d Cir. 1990): "The Virgin Islands Code provides an action for forcible entry and detainer as a peaceful alternative to the often violent consequences of property owners exercising their right of self-help (citation omitted).  In exchange for revoking their right of repossession by force, the statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted.  In such a summary proceeding, a property owner under certain specified circumstances, can quickly receive a judicial declaration of his right of occupancy and an order directing the marshal to remove the defendant and restore possession to the property owner."

[15] *Inter Car Corp. v. Discount Car Rental,* 21 V.I. 157, 158 (V.I. Super. Ct. 1984) *citing Suarez v. Christian,* 18 V.I. 581, 586 (D.V.I. 1981).

[16] "Upon the filing of the complaint, a summons shall be served and returned within 3 days, requiring the defendant to appear within 3 days after service thereof, and show cause why a judgment of dispossession should not be entered against him".  28 V.I.C. §785.

[17] *See* Super. Ct. R. 37.

[18] *Inter Car* at 159.

[19] *Id.* at 158.

[20] *Id.* at 159.

insufficient evidence to support such a defense, it should proceed with the FED summary proceeding. If the trial court determines that [the tenant] has presented sufficient evidence of a facially bona fide and good faith claim of right to possession of the premises, the court should dismiss the matter, and [the landlord] may thereafter file an ordinary civil action.[21]

¶20     The court is duty-bound to proceed with the evidence until it appears that the question involved is in fact one of title or a complicated case of the right to possession.[22] "As soon as a defendant in possession in an FED action raises a colorable defense requiring construction of an agreement between the property owner and the party in possession, an FED action will not lie".[23]

¶21     The Supreme Court of the Virgin Islands has used the terms "bona fide and good faith claim" or "colorable defense" in FED cases interchangeably.[24] "Good faith" means "a state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards, or (4) absence of intent to defraud or to seek unconscionable advantage."[25] A "colorable defense" is a "claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law)."[26] While courts have not explicitly defined the term "colorable claim" in an FED setting, they have addressed its definition in other contexts.[27] The threshold of establishing a colorable defense is low,[28] and a defendant raising a colorable defense can stop an FED proceeding in its tracks. "As soon as a defendant in possession in an FED action

---

[21] *Virgin Islands Port Authority v. Joseph,* 49 V.I. 424, 431 (V.I. 1989). *See also C.M.L., Inc. v. Dunagan,* 904 F.2d 189, 190-191 (3d Cir. 1990).

[22] *Inter Car, supra,* at 158-159.

[23] *Barnes v. Weber*, 50 V.I. 167, 172 (V.I. Super. Ct. 2008).

[24] In *Joseph, supra,* at 430: "We do find merit, however, in [the landlord's] final assertion that the trial court should have heard evidence in the FED action until it determined whether [the tenant's] defenses were bona fide or colorable." *See also Barnes v. Weber,* 50 V.I. 167, 175 (V.I. Super. Ct. 2008) ("The Defendants have sufficiently shown through the facts before the Court that title to the premises is in question and that there is a *bona fide* question of the existence of a lease at law or in equity that has not expired (emphasis added) (citation omitted). Defendants have raised a *colorable defense* which requires the construction of the agreement between them and the property owner, these issues cannot be sorted out in an FED proceeding" (emphasis added)).

[25] *Good faith,* BLACK'S LAW DICTIONARY (9th ed. 2009).

[26] *Colorable defense,* BLACK'S LAW DICTIONARY (9th ed. 2009).

[27] *See, e.g., Gorini v. AMP, Inc.*, 94 Fed. Appx. 913, 917 (3d Cir. 2004) (stating that "'the concept of a colorable claim necessarily encompasses situations in which the requester has a reasonable basis for believing that he or she has a meritorious claim but is in fact mistaken.'") (citing *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 79 (3d Cir. 2001)); *Rohn & Carpenter, LLC v. Cameron*, 2011 WL 3687626 (D.V.I. Aug. 22, 2011) (stating that "a claim is considered 'colorable' as long as it is not 'wholly insubstantial and frivolous.'") (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

[28] *Green v. Fornario,* 486 F.3d 100, 106 (3d Cir. 2007).

raises a colorable defense requiring construction of an agreement between the property owner and the party in possession, an FED action will not lie."[29]

¶22    In this matter, Defendant may have the colorable defense of an equitable interest in the property in question. Her Memorandum in Support of Motion to Dismiss claims that Defendant and her husband, Plaintiff's brother, invested tens of thousands of dollars constructing a home for their family on the property and that Defendant herself invested thousands more making repairs to the property after the 2017 hurricanes. A claim of equitable interest under such facts might well constitute a legitimate, reasonable, and good faith, or colorable, defense. If the trial in this case had not been cut short, and the Court had been able to hear Defendant's testimony and evidence and determined that such a good faith claim existed, it would have been required to dismiss the matter for lack of subject matter jurisdiction, after which Plaintiff would have had the right to file an ordinary civil action.[30] As it is, the Court never reached such a junction, but it wants to impress upon Plaintiff the fact that, due to the many complexities of this case and the many limitations of FED proceedings, she might well be better served in bringing this matter before the regular civil division, rather than before this Court, if she so chooses to again file a case against Defendant.

¶23    For the aforementioned reasons, the Court finds that the Plaintiff has not put forth a prima facie case under the FED statute. Accordingly, it is hereby

   **ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**; and it is further

   **ORDERED** that a copy of this Order shall be directed to counsel of record.

DATED: February 27, 2020

_____
**HENRY V. CARR, III**
Magistrate Judge of the Superior Court
of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

By: _____
        **DONNA D. DONOVAN**
        Senior Deputy Clerk 2 / 27 / 2020

---

[29] *Estate of Thomas Mall, Inc. v. Territorial Court of Virgin Islands,* 923 F.2d 258, 264 (3d Cir.1991).
[30] *See Joseph* at 431.